694 So.2d 171 (1997)
Charles D. JONES
v.
BOARD OF ETHICS FOR ELECTED OFFICIALS.
No. 96-CC-2005.
Supreme Court of Louisiana.
May 9, 1997.
Lewis Owens Unglesby, Karl J. Koch, Aidan Cyril Reynolds, Unglesby & Koch, Baton Rouge, for Applicant.
R. Gray Sexton, Patricia Hammonds Douglas, Maris LeBlanc McCrory, Baton Rouge, for Respondent.
KNOLL, Justice.[*]
This case is before us on a pre-hearing issue of whether the district court properly granted a temporary restraining order, enjoining the Board of Ethics for Elected Officials (Board of Ethics) from proceeding with a public hearing on conflicts of interest charges brought against Jones, a Louisiana state senator. Jones sought injunctive relief, contending that the pre-hearing procedure of the Board of Ethics was fraught with due process violations and that the procedures to be used by the Board of Ethics was similarly flawed. In an unpublished opinion, the Court of Appeal, First Circuit, granted the supervisory writ application of the Board of Ethics and vacated the temporary restraining order, finding that the district court lacked subject matter jurisdiction to issue the temporary restraining order or to provide injunctive relief.[1] We granted Jones' writ application and docketed the case for oral argument.[2] For reasons enunciated below, we reverse the decision of the First Circuit, lift the stay order previously issued, and remand the case to the district court.

FACTS
The Board of Ethics scheduled a hearing for August 1, 1996, to consider violations of the Code of Governmental Ethics as detailed in complaints earlier lodged against Jones on February 7, 1996. On July 18, 1996, Jones filed a petition for injunctive relief and a restraining order in the district court for the Parish of East Baton Rouge, alleging that the procedures of the Board of Ethics were "unconstitutional and denies to the accused *172 ... fundamental due process and procedural due process."
Jones' petition[3] sketched broad violations:
(1) the procedure of the Board of Ethics violates the due process recognized in Allen and further violated the due process procedure identified by the Court of Appeal, First Circuit, in the Georgia Gulf case;
(2) the Board of Ethics "has acted with the counsel/ prosecutor/assistant attorney general/legal advisor to the Board in the investigation and charging/prosecutorial phases and will serve as judge and jury at the hearing; ..."
(3) Jones will suffer irreparable harm because the Board of Ethics "has failed to comply with the law in the investigation, evaluation, scheduling, and charging in its functions and that [the] Board, if not prevented from doing so, will go forward ... in direct violation of procedural due process causing irreparable harm to the petitioner."

SUBJECT MATTER JURISDICTION
Except as otherwise provided by the Louisiana Constitution, a district court shall have original jurisdiction of all civil and criminal matters. La. Const. art. 5, § 16. The grant of exclusive jurisdiction of certain subject matters to an agency results in the subtraction of those matters from the district court's jurisdiction. Tomas v. Conco Food Distributors, 95-348 (La.App. 3 Cir. 10/25/95); 666 So.2d 327.
Art. 10, Section 21 of the Louisiana Constitution provides:
The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions. The code shall be administered by one or more boards created by the legislature with qualifications, terms of office, duties, and powers provided by law. Decisions of a board shall be appealable, and the legislature shall provide the method of appeal.
Pursuant to the authority of La. Const. art. 10, § 21, the legislature enacted a Code of Governmental Ethics, provided for the creation of administrative commissions, and established procedures to be followed. La.R.S. 42:1101, et seq. Specifically, the legislature enacted La.R.S. 42:1142 which provides in pertinent part:
Whenever action is taken against any public servant or person by an ethics body or by an agency head by order of the commission, or whenever any public servant or person is aggrieved by any action taken by an ethics body, he may appeal therefrom to the Court of Appeal, First Circuit, if application to the ethics body is made within thirty days after the decision of the ethics body becomes final. Any preliminary, procedural, or intermediate action or ruling by an ethics body is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the constitution. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging such appeals.
Notwithstanding, in Midboe v. Commission on Ethics for Public Employees, 94-2270 (La.11/30/94); 646 So.2d 351, we recognized that this jurisdictional scheme was not without exception. In Midboe, we held that the district court has limited subject matter jurisdiction in the arena of governmental/public employee ethics when a determination of the constitutionality of a statutory provision of the ethics code is required.
The determination whether a statute is unconstitutional is a purely judicial function. The judicial power of the state is constitutionally vested in the courts. La. Const. Art. 5 § 1. The Commission is not a court but is an administrative agency in the executive branch of government. An administrative agency does not have the authority to determine the constitutionality of statutes. Thus, the district court, and *173 not the Commission, had jurisdiction to rule on the constitutionality of the statutes.
Midboe, 646 So.2d at 355. (Citation omitted).
Even though in the present case we are faced with a constitutional challenge to the procedure of the Board of Ethics, unlike Midboe's challenge to the constitutionality of a statute, we find the district court under these circumstances is vested with subject matter jurisdiction to decide a due process challenge to the procedure which the Board of Ethics utilizes to determine an alleged violation of the Code of Governmental Ethics. La. Const. art. 5 § 1; La. Const. art. 5 § 16. Accordingly, in the present case we conclude that the district court had subject matter jurisdiction to hold a hearing on Jones' petition for injunctive relief and a restraining order.
For the foregoing reasons, we reverse the decision of the Court of Appeal, First Circuit, which held that the district court did not have subject matter jurisdiction to hear Jones' petition for injunctive relief and a restraining order. The stay order granted by us is lifted and this matter is remanded to the district court for further proceedings consistent with the views expressed herein and the views expressed in In re Georgia Gulf, et al.
REVERSED AND REMANDED.
NOTES
[*] Marcus, J. not on panel. Rule IV, Part 2, § 3.
[1] 96-CW-1547 (La.App. 1 Cir. 7/30/96).
[2] 96-2005 (La.10/4/96); 679 So.2d 1363.
[3] The articles of the Code are liberally construed, La.Code Civ.P. art 5051, and every pleading shall be construed as to do substantial justice, La.Code Civ.P. art. 865. We find that Jones' petition sufficiently asserts a constitutional challenge to the procedures of the Board of Ethics. In so ruling, we express no opinion on the specificity of the allegations.