h WILLIAMS, Judge.
Plaintiff, John D. Reid, filed a petition in the First Judicial District Court, Parish of Caddo, alleging damages resulting from an adverse decision by the defendant, the Commission on Ethics for Public Employees[1] (“Commission”). The trial court found that it lacked subject matter jurisdiction to adjudicate plaintiffs claim. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The Commission conducted an investigation into allegations that plaintiff had possibly committed violations of the Code of Governmental Ethics (“Code”). As a result of the investigation, the Commission filed charges against plaintiff and scheduled a public hearing for February 15, 1996. According to the Commission, the day before the scheduled hearing, plaintiff signed a consent agreement and agreed to pay the fine imposed by the Commission. After some consideration, the Commission accepted the consent agreement. The Commission con *701 tends that the plaintiff failed to pay the fine imposed and, as a result, another public hearing was scheduled for September 19, 1996. However, at plaintiffs request, the hearing was rescheduled for October 23, 1996.
On September 28, 1996, plaintiff filed a petition in the First Judicial District Court, Parish of Caddo, for declaratory judgment and a request for a stay of the proceedings. Plaintiff sought to declare LSA-R.S. 42:1141(0(2) unconstitutional, arguing that his due process and equal protection rights were violated. In opposition to plaintifPs petition and rule to show cause, the Commission filed exceptions of lack of subject matter jurisdiction, improper venue, prematurity, improper use of summary proceeding, res judicata and no cause of action.
|2The Commission asserted that plaintiffs claim challenged the procedural aspects of the Commission’s actions and, therefore, the First Circuit Court of Appeal, and not the First Judicial District Court, was the proper forum for relief. The Commission also argued that the proper venue for a claim against a state agency based on the constitutionality of a statute was the district court for the Parish of East Baton Rouge. The Commission maintained that the plaintiff had not exhausted all of his administrative remedies, thus making his request for declaratory judgment and a stay óf the proceedings premature. The Commission also urged that since plaintiff had entered into a consent agreement, the Commission’s decision was final, and therefore, res judicata. It further maintained that plaintiff failed to state a cognizable cause of action. The Commission submitted a motion to dismiss the rule to show cause arguing that a supporting memorandum was not submitted and therefore, the underlying petition failed to comply with Rule 11, Sections 1-2.
■ On October 11, 1996, the trial court granted the Commission’s exception of unauthorized use of summary proceeding, but denied the Commission’s motion to dismiss due to failure to comply with Rule 11. The trial court also sustained the Commission’s exceptions to subject matter jurisdiction and venue in reference to plaintiffs request for a stay of the October 23, 1996 hearing, but denied its exceptions in reference to the plaintifPs constitutional attack on LSA-R.S. 42:1141, et seq[2]
On October 15, 1996, plaintiff filed an amended petition for declaratory and injunc-tive relief and a request for a temporary restraining order. Plaintiff requested that the court enjoin the Commission from conducting the hearing |3scheduled for October 23, 1996. The trial court denied plaintiffs request for a temporary restraining order. It found that because of the consent judgment entered on October 11, 1996, it did not have jurisdiction or venue to grant the relief requested. Plaintiff applied to this court for supervisory writs. Reid v. Commission on Ethics for Public Employees, 29,516 (La.App. 2d Cir. 11/14/96). On October 21, 1996, the Commission granted plaintifPs request for continuance of the public hearing scheduled for October 23, 1996. However, at its October 22-23, 1996 meeting, the Commission decided to accept and pursue enforcement of the consent agreement rather than proceed with a public hearing. Consequently, the Commission recalled and vacated the charges against plaintiff.
. Subsequently, this court denied plaintiffs writ application, finding that since the Commission had recalled and vacated the charges and because no proceeding involving plaintiff was set or pending before the Commission, the issues presented for review were moot. Reid v. Commission on Ethics for Public Employees, supra.
On January 24, 1997, plaintiff filed a second supplemental and amended petition in 'the First Judicial District Court requesting monetary damages. Plaintiff alleged that the Commission had considered the charges against him at its October 22-23, 1996 meeting, even though it had granted his request for a continuance of the hearing. In response to plaintifPs second supplemental and amended petition, the Commission again filed *702 exceptions of lack of subject matter jurisdiction, improper venue and no cause of action.
The trial court granted the Commission’s exception of lack of subject matter jurisdiction. It found that plaintiff’s second amended petition sought the court’s review of the commission’s procedural actions against him, and not a determination of the constitutionality of the statutory provisions of the Code. The | ¿¡trial court concluded that under LSA-R.S. 42:1142, any procedural action by the ethics body is subject to the supervisory jurisdiction of the appellate court. Plaintiff appeals.
■ DISCUSSION
Plaintiff contends that the trial court erred in finding that it lacked subject matter jurisdiction. Plaintiff asserts that his original and amended petitions specifically challenge the constitutionality of the statutes of the Code, in particular, LSA-R.S. 42:1141(0(2). He argues that the district court has subject matter jurisdiction to adjudicate issues concerning constitutional challenges to statutory provisions of the' Code.
La. Const, art. 10 § 21 compelled the legislature to enact a Code of Ethics for state employees and officials and its political subdivisions, to be administered by one or more boards. The article also states that decisions of a board shall be appealable and that the legislature shall provide the method of-appeal. The method of appeal of the Ethics Board’s decisions is provided by LSA-R.S. 42:1142, which provides in pertinent part:
Whenever action is taken against any public servant or person by the board or panel or by an agency head by order of the board or panel, or whenever any public servant or person is aggrieved by any action taken by the board or panel, he may appeal therefrom to the Court of Appeal, First Circuit, if application to the board is made within thirty days after the decision of the board becomes final. Any preliminary, procedural, or intermediate action or ruling by the board or panel is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana. The Court of Appeal, First Circuit, shall promulgate rules of procedure to be followed in taking and lodging such appeals. (Emphasis added)
The determination of whether a statute is unconstitutional is purely a judicial function. Except as otherwise provided by the Louisiana Constitution, a district court shall have original jurisdiction of all civil and criminal matters. La. |5Const. art. 5 § 16. In Midboe v. Commission on Ethics for Public Employees, 94-2270 (La.11/30/94), 646 So.2d 351, the Supreme Court held that the district court has limited subject matter jurisdiction in the arena of govemmental/public employee ethics when a determination of the constitutionality of a statutory provision of the ethics code is required.
In Jones v. Board of Ethics for Elected Officials, 96-2005 (La.5/9/97), 694 So.2d 171, the court was faced with a constitutional challenge to the procedure of the Board of Ethics, while in Midboe, there was a challenge to the constitutionality of a statute. In both cases, the Supreme Court found that the district court is vested with subject matter jurisdiction to rule on the constitutionality of the statutes and to decide a due process challenge to the procedure of the Board of Ethics. Midboe v. Commission on Ethics for Public Employees, supra; Jones v. Board of Ethics for Elected Officials, supra.
LSA-R.S. 42:1141(0(2)[3] provides:
C. Location of hearing. (l)The board may conduct any hearing provided in this Section in the parish wherein the elected official or person alleged to have violated any provision of this Chapter resides, or in the parish of the .official domicile of any office or employment held by the defendant or, with the agreement of the defendant, in the parish of domicile of the board.
(2) The commission may conduct any hearing provided in this Section in the parish wherein the public employee or person alleged to have violated any provision of this Chapter resides, in the parish of the official domicile of any office or employment *703 held by the defendant, or in the parish of the domicile of the commission.
In his original and first amended petitions, plaintiff alleged that LSA-R.S. 42:1141(0(2) was unconstitutional. According to plaintiff, requiring him to answer charges in a venue where he does not reside and where the claim did not |6arise, and permitting the Commission’s counsel to serve as investigator, prosecutor and legal advisor violates.his due process and equal protection rights.
We agree with plaintiffs argument that his petition stated a direct' constitutional challenge to the provisions of the Code and that the district court had subject matter jurisdiction to hear the case. However, we must again conclude that when the Commission decided to accept the consent agreement and dispense with a hearing, the arguments raised by plaintiff were no longer at issue. As previously stated, this court concluded in Reid v. Commission on Ethics for Public Employees, supra, that because the Commission had recalled and vacated the charges against plaintiff, the issues raised by the plaintiff were moot.
Plaintiffs only remaining complaint is a challenge to the action taken by the Commission in enforcing the consent agreement. He argues that there was no evidence to support the fact that he signed the consent agreement or consented to pay the penalty imposed by the Commission. He contends that by adopting the consent agreement without a hearing, the Commission denied him the opportunity to contest its validity. In sum, plaintiffs complaint is based solely on the administrative or procedural actions of the Commission. LSA-R.S. 42:1142 provides that the correct forum for the plaintiffs appeal of the action taken by the Commission is the Court of Appeal, First Circuit. Therefore, the trial court did not err in finding that it lacked subject matter jurisdiction to adjudicate plaintiffs claim.
CONCLUSION
For the foregoing reasons, the trial court’s finding that it lacked subject matter jurisdiction to adjudicate plaintiffs claim is affirmed. Costs of this appeal are assessed to the appellant, John D. Reid.
AFFIRMED.

. The Louisiana Board of Ethics replaced the Commission on Ethics for Public Employees and the Board of Ethics for Elected Officials on January 1, 1997. See La. Acts 1996, No. 64, 1 st Ex. Session.

. The Commission unsuccessfully sought supervisory writs to this court challenging the trial court’s denial of the exceptions to jurisdiction and venue. Reid v. Commission on Ethics for Public Employees, 29,525 (La.App.2d Cir. 11/14/96).

. Since the institution of this suit, LSA-R.S. 42:1141 has been revised. LSA-R.S. 42:1141(C)(2) corresponds with LSA-R.S. 42:1141(B) in the current revision.