PER CURIAM.
Catherine Clussman appeals judgments and sentences in three consolidated cases. We approve the judgments, but agree that the sentences contain several errors, and reverse and remand with instructions to enter corrected written sentences and orders of probation. Ms. Clussman preserved the necessary points by filing motions pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
First, the sentences imposed in count II of each case — sixty months in prison followed by two years of probation — are illegal, because Ms. Clussman was convicted of third-degree felonies in each of these counts. A sixty-month term of imprisonment is the maximum sentence that the trial court could have legally imposed for a third-degree felony. See § 775.082(3)(d), Fla. Stat. (2010). The state concedes error on this point.
Next, the trial court did not orally pronounce special conditions of probation 3 and 20 at sentencing. They must therefore be stricken from the written order of probation. See Justice v. State, 674 So.2d 123, 124 (Fla.1996) (holding “special conditions of probation must be imposed at sentencing and may not be imposed at resentencing”).
Finally, the trial court erred by imposing a $1000 fine pursuant to section 775.083(1), Florida Statutes (2010), and an accompanying $50 surcharge pursuant to section 938.04, Florida Statutes (2010), in each case. Fines under section 775.083(1) are discretionary, and “must be pronounced orally at sentencing.” See Bryant v. State, 47 So.3d 952, 953 (Fla. 2d DCA 2010) (citing Dadds v. State, 946 So.2d 1129, 1130 (Fla. 2d DCA 2006)). The trial court’s “lump sum” pronouncement of all costs and fines was not sufficient. See Nix v. State, 84 So.3d 424, 426 (Fla. 1st DCA 2012).
Accordingly, we reverse and remand with instructions to strike, in each case, the probationary terms on each count II, the special conditions of probation 3 and 20, and the $1000 fine and accompanying $50 surcharge.
BENTON, C.J., THOMAS, and SWANSON, JJ., concur.