On Motion for Rehearing
KLINGENSMITH, J.
Upon consideration of appellant’s motion for rehearing, we grant rehearing, withdraw our previously issued opinion, and substitute the following in its place.
Appellant, Daniel Hartley, appeals from his convictions for three counts of using a computer to solicit a minor and one count of traveling to meet a minor for an unlawful sexual act under section 847.0135, Florida Statutes (2011). Each episode of solicitation as charged in the Amended Information took place on a separate day, specifically November 2, 2011 (Count I), November 3, 2011 (Count II), and November 4, 2011 (Count III). Count IV of the Amended Information charged appellant with traveling to meet a minor to commit an unlawful sex act on November 4, 2011.
The only witness called at trial was a detective in the computer crimes division of the Palm Beach County Sheriffs Office. On November 2, 2011, the detective was on Craigslist, an online message board, in its personal section where people go to meet each other. While on the board, she intended to represent herself as a fourteen-year-old child while responding to an ad which was titled “35 looking for younger Northwood.” The detective responded to the ad as follows: “My name is Tyler. I’m 14, five foot six, 140 and smooth with barely any hair. Let me know if you are interested.” She wrote the last sentence in her response to make sure the person who posted the ad wanted to continue with someone who was fourteen years of age. That same day, she received a response from a person later confirmed to be appellant. Appellant and “Tyler” exchanged communications on November 2, November 3, and November 4 discussing meeting each other. Only the text exchanges on November 3 involved explicit discussions of mutual sexual acts; the communications by appellant on November 2 and November 4 were not so explicit. On November 4, appellant made plans to meet “Tyler” at a nearby donut shop. When appellant ar *489 rived at the arranged place and time, he was taken into custody.
Appellant gave a taped statement to the detective which was played for the jury. In that statement, he described “Tyler” as “[t]he student I was gonna help tutor.” He admitted the conversation was “[s]ome-thing about sex” and about kissing, and that “Tyler” said he wanted to “try stuff’ with appellant. Appellant also admitted during the statement that it was a “bad mistake” not to put a “legal” age in his Craigslist advertisement.
After the State rested, appellant moved for judgment of acquittal on counts I and III, arguing that because there was no discussion of sex on either November 2 or November 4, the State’s evidence was insufficient to prove solicitation on those dates. He also moved for judgment of acquittal as to count IV, arguing that there was no evidence to suggest that he planned to engage in an illegal act because they were meeting in a public place. The trial court denied the motions, finding that these were issues for the jury.
The defense rested without presenting any evidence. Appellant was found guilty on all counts. The trial court sentenced appellant to eighty-four months (seven years) on counts I, II, and III to run concurrently, followed by ten years sex offender probation on count IV.
On appeal, appellant argues that the court erred in failing to grant a judgment of acquittal on count I and count III, because the State’s evidence was insufficient to show there were communications on either November 2 or November 4 expressly indicating that appellant was seeking a sexual relationship with someone he believed was a minor. He claimed that the texts he sent were equally consistent with a non-sexual relationship.
A trial court’s denial of a motion for judgment of acquittal is reviewed de novo for the sole purpose of determining whether the evidence is legally sufficient. Durousseau v. State, 55 So.3d 543, 556 (Fla.2010). “Whether to grant a motion for judgment of acquittal hinges on the sufficiency of the evidence presented at trial and what factual findings the jury could ‘fairly and reasonably infer’ from that evidence.” Grohs v. State, 944 So.2d 450, 456 (Fla. 4th DCA 2006).
Section 847.0135(3)(a), Florida Statutes (2011), provides:
(3) CERTAIN USES OF COMPUTER SERVICES OR DEVICES PROHIBITED. — Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
(a) Seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual conduct with a child or with another person believed by the person to be a child; ...
[[Image here]]
commits a felony of the third degree .... Each separate use of a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission wherein an offense described in this section is committed may be charged as a separate offense.
§ 847.0135(3)(a), Fla. Stat. (2011).
Considering the content of the November 2 and November 4 text exchanges, in context with their closeness in time to the November 3 exchanges and other communications which expressly indicated that appellant’s intent was to begin a sexual *490 relationship with a fourteen-year-old boy, a jury could “fairly and reasonably infer” that various statements made by appellant in his online communications with “Tyler” met the plain and ordinary definitions of seduce, solicit, lure, and entice, even if he did so only obliquely and implicitly by avoiding explicit references to sexual conduct. As this court said in Grohs:
The tenor of [defendant’s] suggestive comments could be interpreted to demonstrate both the adroit artfulness, or enticement, and the enjoyment of active attraction, or allurement, of a predator laying a trap for his prey. The trap may have been set by phrases such as “we can be more, and do whatever makes you happy” and “I’d be happy to do anything with and/or for you right now.” When taken in the context of being directed at a believed fifteen-year-old boy first contacted in a “Young Men” chat room, these phrases could reasonably be construed as aimed at physical seduction to sexual intercourse and the propositioning of sexual conduct. Consequently, we conclude that the trial court did not err by denying [defendant’s] motion for judgment of acquittal and allowing the jury to exercise its fact-finding role to “fairly and reasonably infer” conclusions from sufficient evidence regarding conduct that presented “room for a difference of opinion between reasonable men.”
944 So.2d at 457. Therefore, we affirm the trial court’s denial of the motions for judgment of acquittal.
Appellant also argues that his convictions on counts I, II and III under section 847.0135(3)(a), Florida Statutes (2011), should be dismissed as they are in violation of double jeopardy. He argues that all of the elements under which these counts are charged are subsumed in count IV, which was charged under section 847.0135(4)(a), Florida Statutes (2011). “Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo.” Binns v. State, 979 So.2d 439, 441 (Fla. 4th DCA 2008) (citation omitted). We find that appellant’s conviction and sentence under count III should be vacated for violation of double jeopardy.
Section 847.0135(4)(a), Florida Statutes, provides:
(4) TRAVELING TO MEET A MINOR. — Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
(a) Seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child; ...
[[Image here]]
commits a felony of the second degree
[[Image here]]
§ 847.0135(4)(a), Fla. Stat. (2011).
In the instant case, the legislature has authorized separate punishments for violations of section 847.0135(3) where there were separations of time between each of the crimes charged. See Hammel v. State, *491 934 So.2d 634, 636 (Fla. 2d DCA 2006) (where there is a temporal break between computer conversations and there is not one continuous criminal act, double jeopardy is not violated when more than one charge is brought). Therefore, counts I and II are separate offenses which do not violate double jeopardy because there was a temporal break between the occurrences underlying each of them and the acts that served as the basis for counts III and IV.
Because the events involving counts III and IV occurred on the same day, November 4, we must determine whether each criminal offense charged in these counts was committed in the course of one criminal episode or transaction. To do so, we must compare the statutory elements of soliciting a child for unlawful sexual conduct using computer services and the elements of traveling to meet a minor. See § 775.021(4), Fla. Stat. (2011).
Traveling to meet a minor includes the following four elements: (1) knowingly traveling within this state, (2) for the purpose of engaging in any illegal act (in violation of chapters 794, 800, or 827, or other unlawful sexual conduct) with the victim after using a computer or other electronic data storage transmission to contact a child, (3) the victim was a child or person believed by the defendant to be a child, and (4) the defendant seduced, solicited, lured, enticed or attempted to do so to engage in the illegal act or unlawful sexual conduct. See In re Standard Jury Instructions in Criminal Cases-Report No. 2008-08, 6 So.3d 574, 584 (Fla.2009). The elements of soliciting a child for unlawful sexual conduct using computer services or devices are: (1) defendant knowingly used a computer online service, internet or other device capable of electronic data storage to contact the victim, (2) the victim was a child or person believed by the defendant to be a child, and (3) the defendant seduced, solicited, lured, or enticed the victim to engage in any illegal act as charged in the indictment or information under chapters 794, 800, or 827, or other unlawful sexual conduct. Id. at 582.
This review indicates that all the elements of soliciting a child are included within the offense of traveling to meet a minor; traveling to meet a minor contains an element that is not an element of soliciting a child, namely, knowingly traveling within the state. Therefore, because all the elements of soliciting are included in the traveling offense, it appears that section 775.021(4)(b)3. applies to counts III and IV, and the elements of the lesser offense are subsumed in the greater offense.
Based upon the foregoing analysis, the trial court shall vacate the conviction and sentence on count III. Vacating count III may alter appellant’s Criminal Punishment Code scoresheet. Consequently, we remand for resentencing on counts I and II. Appellant’s conviction and sentence for count IV is affirmed, and the sentence of ten years probation will not be affected by an amended scoresheet. Therefore, resen-tencing on count IV is not appropriate. See Fasenmyer v. State, 457 So.2d 1361, 1366 (Fla.1984).

Affirmed in part, Reversed in part, and Remanded for vacation of count III conviction and sentence, and resentencing on counts I and II.

DAMOORGIAN, C.J., and TAYLOR, J., concur.