WOLF, J.
Appellant was convicted and sentenced for using a computer service to solicit a person believed to be a child to engage in unlawful sexual conduct, and for thereafter traveling for the purpose of engaging in unlawful sexual conduct with a person believed to be a child. See § 847.0135(3)(a), (4)(a), Fla. Stat. (2011). Appellant raises three issues on appeal. We affirm as to all issues and briefly discuss one.
Appellant asserts that his convictions for both charges arising out of the same criminal transaction violate double jeopardy. This court previously held that separate convictions for use of a computer service to solicit someone believed to be the parent of a child to engage in unlawful sexual conduct with the child, and thereafter traveling for the purpose of engaging in unlawful sexual conduct with the child, as prohibited by subsections 847.0135(3)(b) and (4)(b), did not violate double jeopardy. See State v. Murphy, 124 So.3d 323, 330-31 (Fla. 1st DCA 2013). We find no meaningful distinction for the purpose of double jeopardy analysis between violations of those subsections and the subsections for which appellant was convicted. We, therefore, find Murphy to be controlling. We do, however, certify conflict with the decisions of Hartley v. State, 129 So.3d 486 (Fla. 4th DCA 2014), and Pinder v. State, 128 So.3d 141 (Fla. 5th DCA 2013).
AFFIRMED.
VAN NORTWICK and CLARK, JJ., concur.