PER CURIAM.
The Appellant, Kevin Cantrell, asks this court to reverse his conviction for (I) traveling to meet a person believed to be minor for the purpose of engaging in unlawful sexual activity, a violation of section 847.0135(4)(b), Florida Statutes (2011) and (II) unlawful use of a computer service to solicit a person believed to be a minor to engage in unlawful sexual activity, a violation of section 847.0135(S)(b), Florida Statutes (2011). He contends that the trial court erred by denying his motion to dismiss on the basis of subjective entrapment, and that his conviction under Count II constitutes a violation of the prohibition against double jeopardy. We affirm.
As part of a sting operation, an officer with the Tallahassee Police Department posed as a minor and posted an ad in the “casual encounters” section of Craig-slist in October 2011. The title read: “Hot Fresh Latina Lookn 4 1 Nighter — w4m [woman looking for man] (NE Tally).” The body of the ad read: “Want exactly what it says ... thats all NSA [no strings attached] & after we forget we met. ONLY serious responses!” The Appellant replied that he was interested, and this exchange followed between 10:03 and 10:25 p.m.:
OFFICER: u down wit a yunger Latina, hit me bk bb, lets tlk.
DEFENDANT: for sure.. .pics?
OFFICER: u ain’t gettin a pic unless we decide we wanna meet up, I’m almost 15 and if u cool with that hit me bk and we can move to text.
The Appellant went out with some friends and when he returned, he responded at 2:41 a.m., “its cool bb,” and they commenced an exchange of text messages. Between 3:01 and 3:30 a.m., the appellant told the purported minor what sexual activity he wanted to engage in with her, and she told him her parents were out of town and she had the house to herself, etc. They switched to telephones and the appellant ascertained that the minor was in the ninth grade in high school, and that she had never engaged in sex before, and he agreed to bring condoms. The Appellant was arrested when he arrived at the house where he was to meet her at around 4:06 a.m. The Appellant contends that the officer’s fraudulent misrepresentation about her age constituted subjective entrapment as a matter of law, because participation in the Craigslist site requires a person to acknowledge, by checking a box, that he or she is 18 or over, and thus the exchange was lawful when he entered into it and law enforcement improperly induced him into interacting with a purported minor. We disagree. Inducement to engage in unlawful conduct is not shown by evidence that law enforcement made a fraudulent representation; there must be evidence that the fraudulent representation created “a substantial risk that an otherwise law-abiding citizen would commit an offense.” Farley v. State, 848 So.2d 393, 395 (Fla. 4th DCA 2003) (quoting, United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994)). A mere invitation under false pretenses is not synonymous with inducement. As the First Circuit Court of Appeal stated in United States v. Gifford, 17 F.3d 462, 468 (1st Cir.1994), “inducement can be found only when the government has ventured beyond a simple offer, say, by pleading with a defendant.” In our case, after the officer stated the purported minor’s age, the appellant participated enthusiastically in their exchange, suggested that they meet as soon as possible, and did not show any hesitation.
We turn next to the appellant’s claim that his conviction for unlawful use of a computer service violated the prohibition against double jeopardy because that offense is subsumed by the greater offense *933 of traveling to meet a minor. He conceded in his reply brief and at oral argument that this court recently decided in State v. Murphy, 124 So.3d 323 (Fla. 1st DCA 2013), that a defendant’s comparable conduct provides the basis for a conviction for each of the two offenses under section 847.0135, without violating the prohibition against double jeopardy, “[i]n light of clear legislative intent to punish solicitation and traveling after solicitation separately.” Id. at 330-31. In contrast, the Fourth District has found a double-jeopardy violation when the defendant’s conduct all occurred on the same day during the course of one criminal episode, because the solicitation offense under section 847.0135(3) was subsumed within the traveling offense under section 847.0135(4). Hartley v. State, 129 So.3d 486, 2014 WL 51703 (Fla. 4th DCA 2014) (on motion for rehearing).
As we did in Elsberry v. State, 130 So.3d 798, 2014 WL 464058 (Fla. 1st DCA 2014), we certify conflict with Hartley.
VAN NORTWICK, PADOVANO, and ROWE, JJ., concur.