WETHERELL, J.
After responding to an advertisement posted on the Craigslist website, Appellant communicated for several hours by email and text with undercover officers posing as a 14-year-old girl who was home alone. Appellant described in graphic detail the sexual acts he intended to perform on the girl and, after requesting the girl’s address for his GPS system, he drove to Panama City to what he thought was the girl’s house. Upon arrival, Appellant was arrested. He had condoms, Astroglide lubrication, and two cans of Mike’s Hard Lemonade in his possession.
Appellant was charged with one count of using a computer online service to solicit a person he believed to be a minor in order to commit an unlawful sexual act in violation of section 847.0135(3)(a), Florida Statutes (2011), and one count of traveling to meet a person he believed to be a minor in order to commit an unlawful sexual act in violation of section 847.0135(4)(a). The jury found Appellant guilty as charged and the trial court sentenced him to a term of 5 years in prison followed by 10 years of sex offender probation. On appeal, Appellant contends that (1) the trial court erred in denying his motion for mistrial following testimony that was susceptible to being construed as a comment on his right to remain silent, and (2) his dual convictions violate double jeopardy.
We summarily affirm the first issue because there is no reasonable probability that the single question and answer at issue affected the verdict; thus, any error in the denial of the motion for mistrial was harmless beyond a reasonable doubt. See Ventura v. State, 29 So.3d 1086 (Fla.2010); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We affirm the second issue based upon State v. Murphy, 124 So.3d 323 (Fla. 1st DCA 2013), in which this court held that dual convictions for solicitation of a minor and traveling to meet the minor do not violate double jeopardy because sections 847.0135(3) and (4) reflect a clear legislative intent to punish the offenses separately. Accord Cantrell v. State, No. 1D12-4952, 132 So.3d 931, 2014 WL 660193 (Fla. 1st DCA Feb. 21, 2014); Elsberry v. State, 130 So.3d 798 (Fla. 1st DCA 2014). We recognize that the Fourth District reached the opposite conclusion in Hartley v. State, 129 So.3d 486 (Fla. 4th DCA 2014), and accordingly we certify conflict with that decision. See also Pinder v. State, 128 So.3d 141 (Fla. 5th DCA 2013) (stating that the defendant’s convictions under sections 847.0135(3) and (4) would have violated double jeopardy but for the fact that the solicitation occurred over an eight-day period before the defendant traveled to meet the minor).
AFFIRMED; CONFLICT CERTIFIED.
LEWIS, C.J., and ROWE, J., concur.