BENTON, J.
The state appeals a downward departure sentence — eighteen months in prison followed by eight years’ probation as a sex offender — imposed following Jermaine Franklin Davis’s convictions for using a computer service to solicit a person believed to be a thirteen-year-old girl to engage in unlawful sexual conduct, for thereafter traveling for the purpose of engaging in unlawful sexual conduct with a person believed to be a child, and for unlawful use of a two-way communications device. See §§ 847.0135(3)(a), (4)(a); 934.215, Fla. Stat. (2012).
On the main appeal, we affirm the downward departure sentencing for what was conceded to be an isolated incident. The trial court imposed a sentence below the statutory guidelines, basing the downward departure sentence on two statutory subsections: 1) “The victim was an initiator, willing participant, aggressor, or provoker *1232 of the incident”[1] and 2) “The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” § 921.0026(2)©, (j), Fla. Stat. (2012).
As the state contends, we recently ruled out the “victim as initiator” ground for downward departure in a case in which the defendant was convicted after responding to a Craigslist advertisement purportedly placed by a father seeking “an older, patient experienced guy” to show his 14-year-old daughter “how it should really be” after she had a “bad first experience.” State v. Murphy, 124 So.3d 323, 327 (Fla. 1st DCA 2013). Unlike the present case, however, the fictitious father in Murphy, not the fictitious victim, was the “initiator.” In any event, the rule is that a downward departure should be upheld if any ground on which the trial court relies is valid. See State v. Randall, 746 So.2d 550, 552 (Fla. 5th DCA 1999) (“In addition, even if some of the court’s stated reasons are insufficient, only one valid reason is necessary to sustain a departure.”). “When multiple reasons exist to support the mitigation, the mitigation shall be upheld when at least one circumstance or factor justifies the mitigation regardless of the presence of other circumstances or factors found not to justify mitigation.” § 921.002(3), Fla. Stat. (2012).
Under subsection (j), the trial court’s alternative basis for downward departure, the state conceded that the episode was an isolated incident, and the dissenting opinion concedes that competent substantial evidence supports the trial court’s finding of fact that Mr. Davis’s remorse was genuine. Competent and substantial evidence also supports the trial court’s finding that Mr. Davis, who has lived with his mother his entire life, did not commit these crimes in a “sophisticated” fashion. The “several distinctive and deliberate steps,” see State v. Salgado, 948 So.2d 12, 17 (Fla. 3d DCA 2006), that he took in committing the offense were for the most part along a path government agents carefully laid out for him. The trial judge was entitled to conclude that Mr. Davis was “cooler online” than in real life.[2] For Mr. Davis, it all began when he responded to an online advertisement, purportedly posted by a 32-year-old woman on an adults-only dating website. While the advertisement stated that the 32-year-old’s “little sister” was in town and that they were “looking for a friend to have fun *1233 with tonight,” the age of the “little sister” was not stated.
Seeing the ad, Mr. Davis invited the supposed 82-year-old out. But the detective answered (also online) that she (posing as the 32-year old who had posted the ad) and her sister were not “looking to hang out and have a relationship.” Thus began a dialogue that lasted approximately two hours, first online (“instant messenger”), then on the telephone. The detective posing as the 32-year-old repeatedly asked him what he was going to do when he came over and what he wanted to do to her sister. She told him the little sister was a youngster who wanted to learn new things, and directed him to bring condoms with him when he came to see them at the address she gave him. His conversations directly with the purported thirteen-year-old were limited to a few (maybe two) awkward minutes on the telephone, and to about twenty lines on “instant messenger.”
Unlike the defendant in State v. Fureman, — So.3d -, 2014 WL 656756, 39 Fla. L. Weekly D408 (Fla. 5th DCA Feb. 21, 2014), Mr. Davis did not respond to an advertisement entitled “‘Parenting Help Wanted,’ ” understanding that the posting offered sex with a child. Unlike the defendant in State v. Subido, 925 So.2d 1052, 1058 (Fla. 5th DCA 2006), relied on by the Fureman court, Mr. Davis did not hatch a plan on his own, then creep “ ‘in a stealth-like manner’” into the sleeping victim’s bed. There is no basis on which to disturb the trial court’s downward departure.
On cross-appeal, Mr. Davis argues that he was entrapped as a matter of law. He challenges the trial court’s denial of his motions to dismiss, which maintained that, on both objective and subjective theories of entrapment, the undercover law enforcement officers had entrapped him. We approve the lower court’s denial of these motions and affirm the convictions.
As regards the “objective entrapment” prong of appellant’s argument, we reject his characterization of the pleadings and the evidence. Although appellant was originally lured by the prospect of a sexual liaison with a 32-year-old woman, the evidence cannot fairly be read as showing that he was promised the 32-year-old’s sexual favors as an inducement to interact sexually with the child.
As regards the “subjective entrapment” prong, the issue boils down to whether the appellant was predisposed to commit the offenses when government agents originally broached the subject. Our recent decision in Gennette v. State, 124 So.3d 273 (Fla. 1st DCA 2013) is not controlling because the state stipulated there that Gennette was not predisposed to commit the offenses charged. Id. at 278.
In the present case, the jury could have found — the evidence was uncontroverted— that Mr. Davis told the undercover officer: “And actually, it’s kind of been on my mind to do something like that.” Arguably ambiguous — the government agent had raised the possibility of a ménage á trois — the statement was nevertheless uttered in the context of engaging in sexual activity with the fictitious thirteen-year-old child, and sufficiently raised a factual question as to Mr. Davis’s predisposition to engage sexually with children to create a question for the jury. See Munoz v. State, 629 So.2d 90, 100 (Fla.1993) (holding that, when there exists a factual question on predisposition, the case should go to the jury).
Mr. Davis also argues on cross-appeal that his dual convictions under subsections 847.0135(3)(a) and (4)(a) violate constitutional prohibitions against double jeopardy. On this “degree variant” issue, we are bound by our prior decision in Elsberry v. State, 130 So.3d 798, 798 (Fla. 1st DCA *1234 2014), which extended the holding in State v. Murphy, 124 So.3d at 380, to the specific statutory subsections at issue here. See also Cantrell v. State, 132 So.3d 931, 933 (Fla. 1st DCA 2014) (citing Elsberry) and Griffis v. State, 133 So.3d 653, 654 (Fla. 1st DCA 2014) (citing Elsberry and Cantrell). Contra Shelley v. State, 134 So.3d 1138, 1141 (Fla. 2d DCA 2014) (“Thus, the soliciting offense does not contain an element that is not found in the traveling offense. As a result, dual convictions for soliciting and traveling in the course of one criminal transaction or episode violate the prohibition against double jeopardy.” (citations omitted)); Hartley v. State, 129 So.3d 486, 491 (Fla. 4th DCA 2014) (same); Pinder v. State, 128 So.3d 141, 142-44 (Fla. 5th DCA 2013) (same). We certify conflict with Shelley, Hartley, and Pinder.
Affirmed.
MARSTILLER, J., concurs in result; WETHERELL, J., concurs in part and dissents in part with opinion.

. On this issue, the trial judge explained his reasoning as follows:
It would seem improper that the State is able to argue, well, there is a victim in the case. It’s an imaginary victim; it’s the State posing as an individual. But there is a sufficient person on the other end to qualify for the offense of traveling to meet a minor, when, in fact, there is no minor, but the Defendant believed there was; where the State has, in fact, been all of those things in the case, and the Court not be able to consider that as a proper mitigator in the case.
This case — if that downward departure, the purpose for that is to have any meaning whatsoever, in this Court’s opinion, then this would certainly be the case. And that is, to consider the activity of the individual who is — ends up being the victim in the case and their responsibility for the ultimate result, where they are indeed victims, but still, nonetheless, primarily responsible for the act.

. I get home, I kiss my mom/And she fixes me a snack/I head down to my basement bedroom/And fire up my Mac
[[Image here]]
Online I’m out in Hollywood/I’m 6'5 and I look damn good/Even on a slow day, I can have a three way/Chat with two women at one time
[[Image here]]
I’m so much cooler online/Yeah I'm cooler online
Brad Paisley, Online (Arista Nashville 2007).