PER CURIAM.
Ho Yeaon Seo appeals his judgment and sentence. The state crossappeals the sentence as an impermissible downward departure. We affirm.
After responding to an advertisement posted on the Craigslist website stating “fresh yung fun — w4m (franklin/wakulla) / lookin 2 find someone 2 show me the ropes,” Mr. Seo communicated online for several hours with an undercover officer posing as a 14-year old girl. During the conversation, Mr. Seo described in graphic detail the sexual acts that he intended to engage in with the minor and he arranged to meet her in person. Mr. Seo then drove across town to what he thought was the minor’s house in order to have sex with her, whereupon he was arrested with a condom in his pocket.
Mr. Seo was charged with unlawful use of a computer service in violation of section 847.0135(3)(a), Florida Statutes (2011), and traveling to meet a minor in violation of section 847.0135(4)(a). Prior to trial, Mr. Seo filed a motion to dismiss the charges based upon subjective entrapment. The motion was denied after a hearing. At trial, Mr. Seo requested a jury instruction on entrapment. The request was denied. The jury found Mr. Seo guilty as charged, and over the State’s objection, the trial court sentenced Mr. Seo to a downward departure sentence of 11 months and 29 days in jail followed by a period of proba *1190 tion. This timely appeal and cross-appeal followed.
Mr. Seo raises four issues on appeal: 1) whether the trial court abused its discretion in denying his request for a jury instruction on entrapment; 2) whether the trial court erred in denying his motion to dismiss based upon subjective entrapment; 3) whether the trial court erred in denying his motion in limine to exclude his post-arrest statements; and 4) whether his dual convictions violate the prohibition against of double jeopardy. We affirm the first and third issues without discussion;[1] we affirm the second issue based upon Cantrell v. State, 132 So.3d 931 (Fla. 1st DCA 2014); and we affirm the fourth issue based upon State v. Murphy, 124 So.3d 323 (Fla. 1st DCA 2013), and its progeny.[2] Additionally, as we have done in several post -Murphy cases, we certify conflict with Shelley v. State, 134 So.3d 1138 (Fla. 2d DCA 2014), Hartley v. State, 129 So.3d 486 (Fla. 4th DCA 2014), and Pinder v. State, 128 So.3d 141 (Fla. 5th DCA 2013).
On cross-appeal, the State contends that the trial court erred in imposing a downward departure under section 921.0026(2)©, Florida Statutes (2011). We affirm based upon Murphy and State v. Davis, 141 So.3d 1230 (Fla. 1st DCA 2014), wherein this court affirmed downward departure sentences based upon this statute under materially similar circumstances as this case. Contra State v. Fureman, — So.3d —, 2014 WL 656756, 39 Fla. L. Weekly D408 (Fla. 5th DCA Feb. 21, 2014) (disagreeing with Murphy and reversing downward departure sentence under materially similar circumstances as this case because the defendant undertook “several distinctive and deliberate steps” to complete the crime and because “using a computer to commit a crime evinces a level of sophistication that would not support a downward departure”).
AFFIRMED; CONFLICT CERTIFIED.
WETHERELL and MARSTILLER, JJ., concur.
BENTON, J., concurs in part and dissents in part with opinion.

. On the first issue, we find the case relied on by Mr. Seo — Morgan v. State, 112 So.3d 122 (Fla. 5th DCA 2013) — distinguishable because, unlike the defendant in that case, Mr. Seo’s theory of defense was that he did not commit the charged crimes because he thought that he was communicating with and traveling to meet an adult who was "role-playing,” and not a minor. A material element of the crimes for which Mr. Seo was charged is that the person the defendant is communicating with or traveling to meet is "believed by the [defendant] to be a child.” § 847.0135(3)(a), (4)(a), Fla. Stat. (2011); see also Fla. Std. Jury Instr. (Crim.) 11.17(a), 11.17(c). Thus, contrary to the argument in the concurring in part and dissenting in part opinion, because Mr. Seo testified under oath that he did not believe that the person being portrayed by the undercover officers was actually a child, the trial court properly denied Mr. Seo’s request for a jury instruction on entrapment. See Wilson v. State, 577 So.2d 1300, 1302 (Fla.1991) (holding that a request for an instruction on entrapment should be refused even if there is evidence to support the defense "if the defendant has denied under oath the acts constituting the crime that is charged”).

. State v. Davis, 141 So.3d 1230 (Fla. 1st DCA 2014); Griffis v. State, 133 So.3d 653 (Fla. 1st DCA 2014); Cantrell v. State, 132 So.3d 931 (Fla. 1st DCA 2014); Elsberry v. State, 130 So.3d 798 (Fla. 1st DCA 2014).