IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JARED SNOW,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2063

Opinion filed March 3, 2015.

An appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

TERRELL, TERRY D., Associate Judge.

In this direct appeal, appellant claims that (1) his convictions for traveling to meet a minor to do unlawful acts and using a computer service to solicit a child to engage in sexual conduct constituted fundamental error or resulted from the ineffective assistance of counsel; (2) the trial court erred in denying his motion to

dismiss the charge of using a computer service to solicit a child to engage in sexual activity on double jeopardy grounds; and (3) the trial court erred in denying his motion to correct sentencing error that challenged the imposition of sex offender probation. We affirm as to the first claim without discussion. We also affirm as to the second claim, but certify conflict with our sister district courts. Finally, we reverse as to third claim.

In arguing the trial court erred in denying his motion to dismiss on double jeopardy grounds, appellant claims that he could not be convicted of both using a computer service to solicit a child to engage in sexual conduct, a third-degree felony, and traveling to meet a minor to do unlawful acts, a second-degree felony, where both charges arose out of the same criminal episode. However, in State v. Murphy, 124 So. 3d 323 (Fla. 1st DCA 2013), we rejected this double jeopardy claim upon concluding that subsections 847.0135(3) and (4), Florida Statutes, reflect a clear legislative intent to punish the offenses separately. This holding has been reaffirmed in Elsberry v. State, 130 So. 3d 798 (Fla. 1st DCA 2014); Cantrell v. State, 132 So. 3d 931 (Fla. 1st DCA 2014); Griffis v. State, 133 So. 3d 653 (Fla. 1st DCA 2014); State v. Davis, 141 So. 3d 1230 (Fla. 1st DCA 2014); Ho Yeaon Seo v. State, 143 So. 3d 1189 (Fla. 1st DCA 2014); McCarthy v. State, 145 So. 3d 222 (Fla. 1st DCA 2014); and Truitt v. State, 146 So. 3d 1289 (Fla. 1st DCA 2014). We recognize our sister courts have held to the contrary in Pinder v. State,

128 So. 3d 141 (Fla. 5th DCA 2013); Hartley v. State, 129 So. 3d 486 (Fla. 4th DCA 2014); and Shelley v. State, 134 So. 3d 1138 (Fla. 2d DCA), review granted, 147 So. 3d 527 (Fla. 2014). Accordingly, we certify conflict with those decisions.

Finally, we agree the trial court erred in denying appellant's motion to correct sentencing error that challenged the imposition of sex offender probation as part of his sentence for traveling to meet a minor to do unlawful acts pursuant to section 847.0135(4)(a), which is not an enumerated offense under section 948.03, Florida Statutes (2013).[*] Section 948.30 provides that the court "must impose" certain standard conditions of sex offender probation, which do not need to be orally pronounced at the time of sentencing, when granting probation to persons convicted of an offense enumerated by the statute. The Fourth and Fifth Districts have held that it is error to impose sex offender probation for an offense not enumerated by section 948.30. Arias v. State, 65 So. 3d 104 (Fla. 5th DCA 2011); Sturges v. State, 980 So. 2d 1108 (Fla. 4th DCA 2008). However, the Third District has explained that the trial court is not precluded from selectively imposing special conditions of sex offender probation that are reasonably related to

_____

[*]The state cites several cases for its claim that Florida courts have upheld the imposition of sex offender probation for defendants convicted of violations of subsections 847.0135(3) and (4). Griffis v. State, 133 So. 3d 653, 654 (Fla. 1st DCA 2014); Hartley v. State, 129 So. 3d 486, 489 (Fla. 4th DCA 2014); State v. Murphy, 124 So. 3d 323 (Fla. 1st DCA 2013); Siegel v. State, 68 So. 3d 281, 286 (Fla. 4th DCA 2011); Karwoski v. State, 867 So. 2d 486, 487 (Fla. 4th DCA 2004). However, because the imposition of sex offender probation was not challenged in those cases, the issue of its legality was not addressed on appeal.

3

the crime of which the offender was convicted.  Villanueva v. State, 118 So. 3d

999, 1002-04 (Fla. 3d DCA 2013), rev. granted, 143 So. 3d 924 (Fla. 2014).

In this case, the trial court made the following oral pronouncement at

sentencing:

> As to Count I, order that you serve eight years in the Florida State Prison with five years probation to follow, sex offender probation.  You are to have sex offender therapy within 60 days after your release.  You're to have curfew of eight hours a day from ten to six.  You're not to own any pornographic materials or any computer.  You're to keep a driving log.  You're not to have any contact with minors.  Pay court costs of 423, 150 Public Defender's fee, 100 State Attorney's fee, and you will be designated as a sexual offender.

Based on Villanueva, we conclude the trial court could selectively impose special

conditions of sex offender probation, which were reasonably related to appellant's

conviction for traveling to meet a minor to engage in unlawful acts that were

sexual in nature.  However, the law requires that each special condition of

probation be pronounced orally at sentencing before it can be included in the

written probation order.  Lawson v. State, 969 So. 2d 222, 227 n. 3 (Fla. 2007);

State v. Hart, 668 So. 2d 589, 592 (Fla. 1996); Newton v. State, 31 So. 3d 892, 894

(Fla. 4th DCA 2010).  The trial court's written order contains all of the conditions

of sex offender probation listed in the statute, but not all of these conditions were

orally pronounced at sentencing.  Those conditions not orally pronounced at

sentencing must be stricken because double jeopardy principles prevent them from

4

being imposed at resentencing. Justice v. State, 674 So. 2d 123 (Fla. 1996); Clussman v. State, 89 So. 3d 1093, 1094 (Fla. 1st DCA 2012). Accordingly, we reverse and remand with directions that the trial court strike those special conditions of sex offender probation not orally pronounced at sentencing.

AFFIRMED in part; REVERSED in part; and REMANDED with directions.

MARSTILLER and RAY, JJ., CONCUR.