IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

HO YEAON SEO,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-3179

Opinion filed June 17, 2016.

An appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant/Cross-Appellee.

Pamela Jo Bondi, Attorney General; Donna A. Gerace and Justin D. Chapman, Assistant Attorneys General, Tallahassee, for Appellee/Cross-Appellant.

ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

We previously affirmed Appellant's convictions for unlawful use of computer service in violation of section 847.0135(3)(a), Florida Statutes, and traveling to meet a minor in violation of section 847.0135(4)(a). Seo v. State, 143

So. 3d 1189 (Fla. 1st DCA 2014). Thereafter, the Florida Supreme Court quashed our decision and remanded for reconsideration in light of State v. Shelley, 176 So. 3d 914 (Fla. 2015), which held that double jeopardy principles prohibit separate convictions for solicitation under section 847.0135(3)(b) and traveling to meet a minor after solicitation pursuant to section 847.0135(4)(b) if the charges are based on the same conduct.

After the remand, we ordered the State to show cause why Appellant's conviction and sentence for the lesser included offense should not be vacated based on Shelley. The State filed a response stating that, "[p]ursuant to Shelley and the specific facts of this case, the State does not oppose this Court vacating Appellant's conviction and sentence for unlawful use of a computer service to solicit a minor." Accordingly, we remand for the trial court to vacate Appellant's conviction and sentence for the lesser included offense of using a computer online service to solicit a minor. In all other respects, we affirm for the reasons stated in our original opinion.

AFFIRMED in part; REVERSED in part; REMANDED with instructions. WETHERELL, JAY, and WINSOR, JJ., CONCUR.