IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

    Appellant/Cross-Appellee,

v.

JERMAINE FRANKLIN DAVIS,

    Appellee/Cross-Appellant.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-570 & 1D 13-907

Opinion filed July 18, 2016.

An appeal from an order of the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Pamela Jo Bondi, Attorney General, and Donna A. Gerace, Assistant Attorney General, Tallahassee, and Katrina Harden, Assistant State Attorney, Gainesville, for Appellant/Cross-Appellee.

Nancy A. Daniels, Public Defender, A. Victoria Wiggins, Assistant Public Defender, Tallahassee, and Rachael J. Morris, Assistant Public Defender, Gainesville, for Appellee/Cross-Appellant.


ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

    We previously affirmed Davis's convictions for unlawful use of computer service in violation of section 847.0135(3)(a), Florida Statutes, and traveling to meet a minor in violation of section 847.0135(4)(a). State v. Davis, 141 So. 3d

1230 (Fla. 1st DCA 2014). The Florida Supreme Court then quashed our decision and remanded for reconsideration in light of State v. Shelley, 176 So. 3d 914 (Fla. 2015), which held that double jeopardy principles prohibit separate convictions for solicitation under section 847.0135(3)(b) and traveling to meet a minor after solicitation pursuant to section 847.0135(4)(b) if based on the same conduct.

In response to our show cause order following remand, the State indicated that under Shelley and the specific facts of this case, Davis's conviction and sentence for unlawful use of a computer service to solicit a minor should be vacated. We agree, so we reverse and remand for the trial court to vacate that conviction and sentence. We do not disturb this Court's earlier decision rejecting Davis's other contentions.*

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

WETHERELL, JAY, and WINSOR, JJ., CONCUR.

---

* Nor do we disturb this Court's decision affirming the sentence. The State appealed the trial court's downward departure, and a divided panel affirmed. State v. Davis, 141 So. 3d 1230 (Fla. 1st DCA 2014). The State unsuccessfully petitioned for Supreme Court review, and we do not revisit the sentencing issue here. Because the trial court must vacate one conviction, though, it will need to resentence accordingly.