PER CURIAM.
This court previously affirmed appellant’s convictions and sentences for both use of a computer service to solicit a person believed to be a child to engage in unlawful sexual conduct in violation of section 847.0135(3)(a), Florida Statutes (2011), and for thereafter traveling to , meet a person believed to -be a child- in violation of section 847-.0135(4)(a), Fla. Stat. (2011). See Elsberry v. State, 130 So.3d 798 (Fla. 1st DCA 2014). After issuance of that opinion, the Florida Supreme Court ruled that double- jeopardy principles prohibit separate convictions for solicitation and traveling based on the same conduct. State v. Shelley, 176 So.3d 914, 919 (Fla.2015), reh’g denied (Oct. 9, 2015).
In light of Shelley, the Florida Supreme Court quashed our opinion in Elsberry. See Elsberry v. State, No. SC14-322, 2016 WL 1669410 (Fla. Apr. 27, 2016). Therefore, in accordance with the mandate from the supreme: court, this cause is remanded to the trial court with instructions to vacate appellant’s conviction and sentence for the lesser-included offense of solicitation as prohibited by section 847.0135(3)(a).
REMANDED with instructions.
WOLF, BILBREY, and WINOKUR, JJ., concur. -