IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TIMOTHY CARLOS COFFEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1299

Opinion filed September 5, 2017.

An appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

Andy Thomas, Public Defender; Glen P. Gifford and Joanna Aurica Mauer, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Michael L. Schaub and Matthew Pavese, Assistant Attorneys General, Tallahassee, for Appellee.

ROBERTS, J.

The appellant, Timothy Coffey, was charged by amended information with one count of using a computer to facilitate or solicit a parent to consent to the sexual conduct of a child, in violation of section 847.0135(3)(b), Florida Statutes (2013) (Count 1); one count of unlawful use of a two-way communications device, a cellular

phone, to facilitate the commission of a felony, traveling to engage in sexual conduct with a minor, in violation of section 934.215, Florida Statutes (2013) (Count 2); and one count of traveling to meet a minor to engage in sexual conduct with consent by a parent, in violation of section 847.0135(4)(b), Florida Statutes (2013) (Count 3). Each crime was alleged to have been committed "on or about November 15, 2013." The appellant filed a motion to dismiss on double jeopardy grounds, arguing that all three crimes were alleged to have occurred, and were charged as having occurred, on the same date. The motion was denied.

The appellant proceeded to a jury trial during which evidence was presented that on November 14, 2013, the appellant responded via email to an Internet advertisement posted by an undercover agent posing as a mother "looking for just the right mature male to help with a family problem." After learning on November 14 that the "mother" wanted her daughter to "be with a man" for religious reasons, on November 15, the appellant emailed again, asked for a picture of the daughter, and was told that the girl was twelve years old. A few hours later, the appellant emailed his understanding was that he would have sex with the twelve-year-old. In the early morning hours of November 16, the appellant emailed, "What happens now?" The "mother" did not respond until November 17, after which the appellant emailed to request the mother's phone number to arrange a meeting. On November 17 at around 9 a.m., the appellant called the "mother" at the phone number she had

2

provided, he described the sexual acts he would perform on the girl, and they arranged a meeting at a gas station after 2:00 p.m. that day. Right after the phone called ended, the appellant texted the "mother" and during the exchange, asked for a picture of the girl, which request was denied. The texting continued over the next several hours, and the two made plans to meet at the gas station later that day where the appellant was arrested.

The appellant testified in his own defense and stated it was not his intent to have sex with a child. He testified that he was emotionally affected upon learning the "mother" was looking for a sex partner for a twelve-year-old because he had been sexually abused by a foster parent from the ages of six to nine years old. The State's relevancy objection to defense counsel's questioning about the details of the appellant's past sexual abuse was sustained. Defense counsel later informed the court that he intended to call the appellant's brother and sister to go into the details of the appellant's past sexual abuse. The trial court declined to allow the testimony, declaring it irrelevant. Defense counsel then argued the testimony should be admitted as character evidence, to bolster and corroborate the appellant's testimony about past sexual abuse, and to show that he was not predisposed to engage in the behavior of seeking out a minor. The trial court denied the request for character evidence, ruling it called for speculation and was not admissible. The trial court allowed defense counsel to proffer the testimony for the record. The appellant only

3

proffered the testimony of his sister, who testified about the sexual abuse the appellant experienced as a child, the effect that abuse likely had on the appellant's actions, and the appellant's character as a good father and uncle. The trial court denied defense counsel's renewed attempt to have the testimony admitted. The appellant was convicted on all counts.

In his first issue on appeal, the appellant argues that his dual convictions for traveling and solicitation constitute a violation of double jeopardy under State v. Shelley, 176 So. 3d 914 (Fla. 2015) (holding dual convictions for traveling and solicitation violate double jeopardy). We disagree.

Our recent opinion on motion for rehearing en banc in Lee v. State, 42 Fla. L. Weekly D1273 (Fla. 1st DCA June 1, 2017), is instructive. Lee rejected a double jeopardy claim under Shelley upon its finding that the record contained multiple criminal episodes of solicitation and multiple distinct acts of solicitation to support the charges of using a computer to facilitate or solicit the sexual conduct of a child, alleged to have occurred over an eleven-day span, and of traveling to meet a minor to engage in sexual conduct, alleged to have occurred on the twelfth day. Id. at D1277-78. Lee held that Shelley did not compel reversal of the convictions because the holding in Shelley was limited to dual convictions for solicitation and traveling after solicitation that were based on the same conduct. Id. at D1275-76.

4

As in Lee, the appellant's dual convictions for traveling after solicitation and solicitation were not based on the same conduct. The amended information alleged all of the charges occurred *on or about* November 15. Our review of the record evidence finds at least one distinct solicitation within the email exchange between the appellant and the "mother" that occurred between November 14 and November 17. We find evidence of at least one more separate solicitation in the text and phone calls between the appellant and the "mother" on November 17 to support the traveling charge that occurred that same day. As such, we agree with the State's argument that the temporal break between the email exchange and text/phone calls on the day of travel provided the appellant with time to "pause, reflect, and form a criminal intent" to render the email conversation and the text/phone conversation separate and distinct criminal episodes such that no double jeopardy violation exists. Id. at D1277-78.

In his second issue on appeal, the appellant argues his dual convictions for traveling and unlawful use of a two-way communications device violate double jeopardy. The State concedes error under Hamilton v. State, 163 So. 3d 1277 (Fla. 1st DCA 2015). We accept the State's concession of error and vacate the appellant's judgment and sentence in Count 2.

In his third issue on appeal, the appellant challenges the denial of a pre-trial motion to dismiss based on subjective and objective entrapment. Section

5

777.201(1), Florida Statutes (2013), creates a three-pronged test for a finding of subjective entrapment. Munoz v. State, 629 So. 2d 90, 99 (Fla. 1993). First, a defendant must prove by a preponderance of the evidence that he was induced to commit the charged offense. Id. If this is proven, the accused must then prove by a preponderance of evidence that he was not predisposed to commit the charged offense, at which point the burden shifts to the State to rebut the accused's evidence beyond a reasonable doubt. Id. If the State meets this burden, an entrapment evaluation is submitted to the judge if the factual circumstances of the case are not in dispute. Id. at 100. Otherwise, this evaluation is to be submitted to the jury.

The appellant argues that he was induced to solicit because the ad was posted in an adult dating section of Craigslist and because the undercover agent brought up the suggestion that her daughter needed to lose her virginity for religious reasons. However, the appellant seems to be confusing inducement with invitation, and his argument fails to take into account the numerous instances wherein the courts of this state have made just such a distinction. See e.g., Cantrell v. State, 132 So. 3d 931, 932 (Fla. 1st DCA 2014), *decision quashed on other grounds by*, Cantrell v. State, 2016 WL 1669260 (Fla. 2016).

The appellant also argues that he was objectively entrapped, i.e., that the undercover agent's conduct was so outrageous as to rise to the level of offending the due process protections of Article 1, section 9, of the Florida Constitution. The

6

above analysis applies here equally as well. The appellant was not targeted; he initiated contact, and was not induced, but acted upon an invitation. Accordingly, we affirm the trial court's denial of the motion to dismiss.

In his fourth issue on appeal, the appellant argues the trial court erred by excluding testimony that would have tended to create a reasonable doubt and would have shown the appellant's lack of intent, motive, and predisposition to commit the charged offenses. We disagree. We agree with the State that the appellant's failure to proffer his and his brother's excluded testimony renders that portion of the issue not preserved for appeal. We also agree with the State that the trial court did not abuse its discretion in excluding the testimony.

"All relevant evidence is admissible [at trial], except as provided by law," relevant evidence being "evidence tending to prove or disprove a material fact." §§ 90.402 & 90.401, Fla. Stat. (2014). Relevant evidence is inadmissible, however, when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2014).

The trial court, having allowed the appellant to offer unobjected-to testimony of his history of being sexual abused, acted well within its discretion when it determined that further testimony into the nature of the abuse was needlessly cumulative and likely to inflame the emotions of jurors and possibly distract them

7

from the relevant legal issues. The appellant was able to argue his theory of defense. The proffered testimony from his sister was not probative to the appellant's predisposition as she only reiterated the appellant's past sexual abuse and provided her opinion that he was a good father and uncle. Trial courts have broad discretion to admit or exclude relevant evidence. Discretion is abused when "the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." White v. State, 817 So. 2d 799, 806 (Fla. 2002). The trial court did not abuse its discretion in this regard.

Accordingly, we affirm the appellant's judgment and sentence under sections 847.0135(3)(b) and 847.0135(4)(b). We accept the State's concession of error and vacate the appellant's judgment and sentence under section 934.215.

AFFIRMED in part, VACATED in part, and REMANDED.

LEWIS and RAY, JJ., CONCUR.