PARIENTE, J., concurring in part and dissenting in part.
*650 I agree that Levandoski should have raised the claim regarding the special conditions of sex offender probation through a rule 3.800(b) motion. Thus, I would approve the result reached by the Fourth District Court of Appeal, not on the merits, but because Levandoski's claim is procedurally barred. See majority op. at 648. Additionally, for that reason, the majority's discussion of why the special conditions of probation need not have been orally pronounced is unnecessary in this case.
Nevertheless, because the majority has chosen to address the merits of a claim that they assert is procedurally barred, I discuss the majority's suggestion that there should be an "implicit reference" exception to the requirement that special conditions of probation be orally pronounced. Lawson v. State , 969 So.2d 222, 227 n.3 (Fla. 2007) ; see majority op. at 648-49. Instead, I would continue to adhere to our precedent, consistent with the First District Court of Appeal in Snow v. State (Snow I ), 157 So.3d 559 (Fla. 1st DCA 2015), quashed on other grounds , No. SC15-536, 2016 WL 1696462 (Fla. Apr. 28, 2016), clarified on remand , 193 So.3d 1091 (Fla. 1st DCA 2016) ( Snow II ), that trial courts are required to orally pronounce, with specificity, all special conditions of probation. And, had Levandoski properly raised this challenge to his sentence through a rule 3.800(b) motion, I would conclude that those special conditions not orally pronounced should be stricken from his probation. Thus, if the matter were properly before this Court, I would also quash the Fourth District Court of Appeal's decision in Levandoski v. State , 217 So.3d 215 (Fla. 4th DCA 2017), which addressed the merits of Levandoski's challenge, and approve of the First District Court of Appeal's decision in Snow I .[11]
ANALYSIS
In Snow I , addressing the same issue presented in this case, the First District properly concluded:
[T]he trial court could selectively impose special conditions of sex offender probation, which were reasonably related to appellant's conviction for traveling to meet a minor to engage in unlawful acts that were sexual in nature. However, the law requires that each special condition of probation be pronounced orally at sentencing before it can be included in the written probation order. Lawson v. State , 969 So.2d 222, 227 n.3 (Fla. 2007) ; State v. Hart , 668 So.2d 589, 592 (Fla. 1996) ; Newton v. State , 31 So.3d 892, 894 (Fla. 4th DCA 2010). The trial court's written order contains all of the conditions of sex offender probation listed in the statute, but not all of these conditions were orally pronounced at sentencing. Those conditions not orally pronounced at sentencing must be stricken because double jeopardy principles prevent them from being imposed at resentencing.
*651 Justice v. State , 674 So.2d 123 (Fla. 1996) ; Clussman v. State , 89 So.3d 1093, 1094 (Fla. 1st DCA 2012).
Snow I , 157 So.3d at 561-62.
Beyond Snow I , this Court has made clear that "special conditions, which are those not specifically authorized by statute, must be orally pronounced at sentencing before they can be placed in the probation order." Lawson , 969 So.2d at 227 n.3. This requirement is a safeguard to protect the criminal defendant's right to due process. "Because a defendant is not on notice of special conditions of probation, these conditions must be pronounced orally at sentencing in order to be included in the written probation order." State v. Williams , 712 So.2d 762, 764 (Fla. 1998).
Despite this Court's clear pronouncement in Lawson , the majority today indicates that in the future it would adopt the reasoning of the Fourth District below, which held that "[w]hen a court clearly imposes sex offender probation as a special condition of probation, it need not individually specify each item contained within the umbrella of sex offender probation conditions." Levandoski , 217 So.3d at 219. The decision is problematic for several reasons.
First, the definition of the term "sex offender probation" does not reference section 948.30 :
"Sex offender probation" or "sex offender community control" means a form of intensive supervision, with or without electronic monitoring, which emphasizes treatment and supervision of a sex offender in accordance with an individualized treatment plan administered by an officer who has a restricted caseload and specialized training. An officer who supervises an offender placed on sex offender probation or sex offender community control must meet as necessary with a treatment provider and polygraph examiner to develop and implement the supervision and treatment plan, if a treatment provider and polygraph examiner specially trained in the treatment and monitoring of sex offenders are reasonably available.
§ 948.001(13), Fla. Stat. (2010). A plain reading of the definition of "sex offender probation" would in no way indicate that Levandoski was required to follow the conditions within section 948.30.
Second, there is no statute titled "Sex offender probation" or "Conditions of sex offender probation." Section 948.30 is titled "Additional terms and conditions of probation or community control for certain sex offenses" and provides that those conditions "shall be considered standard conditions of probation or community control for offenders specified in this section." § 948.30, Fla. Stat. (2010). Levandoski was not charged with any of the sex offenses enumerated in section 948.30 but, instead, was charged with two offenses: (Count I) lewd computer solicitation of a child under section 847.0135(3), Florida Statutes (2010), and (Count II) traveling to meet a minor for unlawful sexual activity under section 847.0135(4), Florida Statutes (2010). Majority op. at 644-45.
Thus, even if defendants understand that the term "sex offender probation" refers to section 948.30, Florida Statutes (2010), a plain reading of the statute would not indicate that the conditions imposed within the statute applied to them. Indeed, none of the conditions in section 948.30 apply to violations of section 847.0135(3) and (4). Additionally, section 948.30(4) applies only to probationers whose crimes were committed on or after May 26, 2010. Id. § 948.30(4). Indeed, defendants like Levandoski, whose crimes occurred in 2009 and whose crimes are not referenced within section 948.30, would have no reason to believe that the conditions listed within section 948.30 actually applied to them.
*652 Further, even if defendants were to review the sex offender probation conditions described in section 948.30, the conditions themselves are unclear as to which would be applicable in any particular case. For example, Levandoski was convicted under section 847.0135, subsections (3) and (4), which punish conduct where the offender believes the victim to be a child, even if the "victim" is actually an undercover police officer, as was the case here. However, section 948.30, subsections (1), (3), and (4) have conditions that apply only where the victim was actually under the age of eighteen or fifteen. For instance, if the victim was under the age of eighteen, section 948.30(1)(b) prohibits the probationer from "living within 1,000 feet of a school, child care facility, park, playground, or other place where children regularly congregate." § 948.30(1)(b), Fla. Stat. (2010). While the fact that Levandoski's "victim" was an undercover officer-and not a fifteen-year-old girl, as Levandoski believed-does not negate his guilt, it is unclear whether this fact prevents these age-specific conditions of probation from applying to him. A reasonable reading of these subsections arguably could lead Levandoski, or any defendant, to conclude that they do not.
Nevertheless, the majority would conclude that "because Levandoski specifically requested sex offender probation, and the trial court implicitly referenced section 948.30 by imposing a condition of probation that is only located in that statute ... due process was satisfied here." Majority op. at 649. However, the majority fails to explain how a defendant's request for "sex offender probation" equates to notice of which conditions, specifically, within section 948.30 Levandoski was required to follow. The issue is not whether the defendant knew he was on sex offender probation, but whether the defendant received sufficient notice of the specific conditions he was required to follow to ensure he did not violate his probation. As this Court has stated, only "when a trial court sufficiently apprises the defendant of the 'substance of each special condition' so that the defendant has the opportunity to object 'to any condition which the defendant believes is inappropriate,' [are] the minimum requirements of due process ... satisfied." State v. Hart , 668 So.2d 589, 592 (Fla. 1996) (quoting Olvey v. State , 609 So.2d 640, 643 (Fla. 2d DCA 1992) ).
THIS CASE
As the majority states in footnote 7 of its opinion, Levandoski was sentenced on October 15, 2010. The written sentencing order is dated November 1, 2010, but it is unclear when Levandoski actually received it. Levandoski did not file a rule 3.800(b) motion or raise a due process claim on direct appeal. This claim was first raised in a postconviction motion to strike which was ultimately treated as a rule 3.800(a) motion. See Levandoski , 217 So.3d at 218. I agree with the majority that this claim should have been raised in a rule 3.800(b) motion. Majority op. at 647-48. Accordingly, I would also agree with the majority's conclusion that Levandoski's claim is procedurally barred, unless he can show good cause why it has not been previously raised.
However, had the claim been properly raised, I would conclude that the special conditions of probation should be stricken from Levandoski's sentence. Levandoski was not convicted of any of the offenses enumerated in section 948.30, Florida Statutes (2010), to which sex offender probation would clearly apply. Thus, sex offender probation was a special condition of Levandoski's probation, which, based on our precedent, the trial court was obligated to orally pronounce at his sentencing.
*653 Levandoski's request for "sex offender probation" does not negate the trial court's obligation to apprise Levandoski of the substance of each special condition. Saying the words "sex offender probation" without any further explanation would not have put Levandoski on notice of the specific requirements of section 948.30, some of which may not even apply to him. See, e.g. , § 948.30(2)(d), Fla. Stat. (2010) (requiring probationer to submit to an HIV test when "there was sexual contact" between probationer and victim).
Additionally, because I would conclude that the trial court violated Levandoski's right to due process, I would further conclude that the appropriate remedy is to strike the improperly imposed special conditions of Levandoski's probation. As we stated in Justice v. State , 674 So.2d 123 (Fla. 1996), "where a sentence is reversed because the trial court failed to orally pronounce certain special conditions of probation which later appeared in the written sentence, the court must strike the unannounced conditions and cannot reimpose them upon resentencing." Id. at 126.
CONCLUSION
For the reasons stated, I would first conclude that Levandoski's claim is procedurally barred, and therefore, there is no need for the majority's additional discussion in this case. If this claim were properly before the Court, however, I would continue to adhere to our precedent requiring the trial court to orally pronounce each of the special conditions of probation imposed at sentencing. Thus, if this claim had been timely raised as a rule 3.800(b) motion to correct sentence, I would agree with the First District that the conditions should have been stricken. Because Levandoski did not, however, I concur in part.

In State v. Snow , No. SC15-536, 2016 WL 1696462 (Fla. Apr. 28, 2016), this Court quashed the First District's decision in Snow I and remanded for consideration in light of our opinion in State v. Shelley , 176 So.3d 914 (Fla. 2015), which held that double jeopardy principles prohibit separate convictions for solicitation under section 847.0135(3)(b) and traveling to meet a minor after solicitation pursuant to section 847.0135(4)(b) if the charges were based on the same conduct. Id. at 919. On remand in Snow II , 193 So.3d 1091 (Fla. 1st DCA 2016), the First District reaffirmed its holding with respect to the special conditions of probation, stating: "In addition, as explained in our original opinion, we reverse and remand with directions that the trial court strike those special conditions of sex offender probation not orally pronounced at sentencing. In all other respects, we affirm." Id. at 1091.