QUINCE, J., dissenting.
I cannot agree with the majority's conclusion that a trial court may dispense with orally pronouncing the specific conditions of sex offender probation when a defendant is not convicted of one of the section's enumerated offenses. Because I would conclude that the failure to orally pronounce the specific conditions of Levandoski's probation violated his right to due process under these circumstances, I respectfully dissent.
We have held that special conditions of probation must be orally pronounced to properly place a defendant on notice of the special condition so that the defendant has the opportunity to object to any condition he or she believes to be inappropriate. See Lawson v. State , 969 So.2d 222, 227 (Fla. 2007) ; State v. Williams , 712 So.2d 762, 764 (Fla. 1998). Indeed, in the present case, the trial court was careful to indicate, for the record, certain conditions: "[J]ust to make the record clear, should there be any change in the law as of the time of his release, [Levandoski is] prohibited from accessing the internet, possessing a computer or any electronic device that can access the internet, and he's prohibited from having an email address or other similar type of address that allows him to participate in conversations with anyone over the internet ...."
The majority acknowledges that the conditions of section 948.30 may be imposed only if they reasonably relate to rehabilitation, see majority op. at 646-47, nevertheless the majority sidesteps this requirement by finding Levandoski's claim procedurally barred, noting that the record is unclear whether Levandoski received a written order in time to raise his due process claim via a rule 3.800(b) motion. See Majority op. at 647-48. In other words, the majority is barring a due process claim even though the record does *654 not clearly refute the claim. I would find that the trial court's failure to orally pronounce the specific conditions of Levandoski's special probation violated his constitutional right to due process.
There are provisions of section 948.30 that Levandoski could have reasonably inferred did not apply to him.[12] I agree with Justice Pariente that Levandoski did not receive sufficient notice of the specific conditions he was required to follow to ensure he did not violate his probation. See concurring in part and dissenting in part opinion at 652-53. Accordingly, I would strike those provisions that were not orally pronounced and approve of the decision in Snow v. State , 157 So.3d 559 (Fla. 1st DCA 2015), quashed on other grounds , No. SC15-536, 2016 WL 1696462 (Fla. Apr. 28, 2016), clarified on remand , 193 So.3d 1091 (Fla. 1st DCA 2016).

Section 948.30 (b), for example, prohibits living within 1000 feet of a location where children congregate if the victim was under the age of 18. Here, the "victim" was an undercover officer and not actually a child under the age of 18. Levandoski could reasonably have concluded this provision did not apply to him.