McDonald, j.
|gThe Division of Administrative Law appeals a district court judgment granting declaratory relief that prohibited it, in an administrative proceeding, from denying an individual the opportunity to subpoena all law enforcement officers involved in his stop, detention, investigation, and arrest for driving while intoxicated. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On July 6, 2012, Nathan Michel was stopped and arrested for allegedly driving while intoxicated. The arresting officer seized Mr. Michel’s license and issued him a “temporary license.” The document informed Mr. Michel that he had fifteen days to request an administrative hearing to *657 contest the proposed suspension of his license. The document also informed Mr. Michel that he could have subpoenas issued to require the relevant law enforcement officers to appear at the administrative hearing.
Mr. Michel, in accordance with LSA-R.S. 32:668, timely requested an administrative hearing with the Division of Administrative Law (DAL).[1] On September 21, 2012, Mr. Michel requested that the DAL issue a subpoena requiring the arresting officer to appear at the administrative hearing. The DAL advised Mr. Michel that the subpoena he requested could not be issued because Act 559 of the 2012 Regular Session of the Legislature, which became effective on August 1, 2012, amended LSA-R.S. 32:668 to provide that “no law enforcement officer shall be compelled ... to appear or testify” at DAL suspension hearings.
In response, Mr. Michel averred that DAL unconstitutionally applied Act 559 in a retroactive manner, asserting that the operative facts all pre-| ¡¡dated the August 1, 2012 effective date of Act 559. DAL reiterated that it would not issue the subpoena, indicating that it would “enforc[e] the statute as of the effective date by not issuing subpoenas compelling law enforcement officers to appear in the Implied Consent hearings on and after the effective date.”
Mr. Michel subsequently filed a “Petition for Injunctive Relief, Declaratory Judgment and Motion for Temporary Restraining Order” in the Nineteenth Judicial District Court. Mr. Michel asserted that DAL unconstitutionally applied Act 559 retroactively, and he sought a declaratory judgment to that effect. In opposition, DAL filed peremptory and dilatory exceptions. DAL asserted that the district court had no jurisdiction to consider the merits of Mr. Michel’s petition because Mr. Michel had not requested the court to declare Act 559 unconstitutional. DAL also asserted that Mr. Michel’s petition was premature because he had not first exhausted his administrative remedies.
On May 28, 2013, the district court issued a declaratory judgment, ruling that Act 559 “... does not apply to those arrested and ... who requested an administrative hearing prior to the effective date of the Act, August 1, 2012.... ” The declaratory judgment also enjoined DAL “from denying Nathan E. Michel the opportunity to subpoena all law enforcement officers involved in his stop, detention, investigation, and arrest.”
DAL has appealed, asserting that the district court did not have subject matter jurisdiction to issue a declaratory judgment and that Mr. Michel had not exhausted his administrative remedies prior to seeking review in the district court. DAL also urges that it did not apply Act 559 retroactively, but applied it as written at the time the subpoena was | requested. In the alternative, DAL submits that Act 559 was procedural such that it could be applied retroactively.
DISCUSSION
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. Except as otherwise *658 authorized by the Louisiana constitution, a district court shall have original jurisdiction of all civil and criminal, matters. LSA-Const. art. V, § 16.
DAL contends that the district court, absent a constitutional challenge to a provision of the Louisiana Tests for Suspected Drunken Drivers Law, La. R.S. 32:661-670, did not have subject matter jurisdiction to issue a declaratory judgment. We note, however, that the district court cannot be held to lack subject matter jurisdiction in the absence of constitutional authority expressly granting exclusive jurisdiction to an administrative agency or other tribunal. LSA-Const. art. V, § 16, Paulsell v. State, Dept. of Transp. and Dev., 12-0396 (La.App. 1 Cir. 12/28/12), 112 So.3d 856, 861, writ denied, 13-0274 (La.3/15/13), 109 So.3d 386. DAL has pointed to no constitutional authority divesting the district courts of original subject matter jurisdiction in this instance. Cf. Duplantis v. Louisiana Bd. of Ethics, 00-1750 (La.3/23/01), 782 So.2d 582, and Jones v. Board of Ethics for Elected Officials, 96-2005 (La.5/9/97), 694 So.2d 171, 172, cited by DAL and | ¿which involved the Louisiana Board of Ethics.[2]
Nevertheless, the legislature is free to enact procedures for initial submission of claims to an administrative agency for review, as long as the action of the administrative agency does not constitute the exercise of exclusive, original jurisdiction. Paulsell, 112 So.3d at 861. An exception raising an objection of prematurity raises the issue of whether the judicial cause of action has not yet come into existence because some prerequisite condition has not been fulfilled; the objection contemplates that plaintiff has filed his action prior to some procedure or assigned time, and it is usually utilized in cases wherein applicable law or contract has provided a procedure for one aggrieved of a decision to seek administrative relief before resorting to judicial action. Cheron v. LCS Corrections Services, Inc., 02-1049 (La.App. 1 Cir. 2/23/04), 872 So.2d 1094, 1103. Generally, the person aggrieved by an action must exhaust all such administrative remedies or specified procedures before he is entitled to judicial review. Id. However, the exhaustion doctrine, like most legal doctrines, is subject to exceptions and limitations. Application of the doctrine to specific cases requires an [ (¡understanding of its purpose and of the particular administrative scheme involved. Jones v. Crow, 633 So.2d 247, 249-50 (La.App. 1 Cir.1993).
Mr. Michel notes that the original rationale for the exhaustion requirement is that disputes pertaining to matters of agency regulation and expertise should ordinarily be first addressed by the administrative tribunals that the legislature created to decide such issues. Polk v. State, through Dept. of Transp. and Dev., 538 So.2d 239, 250 (La.1989). Part of the function of the exhaustion doctrine is to give the agency whose decision is under attack an opportu *659 nity to review, supplement, and, if necessary, correct its decision. Id. Mr. Michel submits that whether Act 559 applies retroactively has nothing to do with agency regulation or expertise and that agencies simply do not have the power or competency to determine such a question of constitutional significance.
We recognize that the original rationale for the exhaustion requirement-! e. deferral pending the agency’s review of its own decision given the agency’s expertise in the field-is somewhat tempered because this matter is pending before the DAL rather than the agency itself. Regardless, the sole issue raised by Mr. Michel through the declaratory judgment action is purely a legal one concerning retroactive application of Act 559. The resolution of this legal issue falls within the province of the judiciary and there is no fact-finding required at the administrative level on this issue. Rather, the application of Act 559 and the administrative claim are separate, distinct, and independent of one another. Given the procedural history, it appears that the DAL will not reconsider its position prior to the ^administrative hearing, and the issue will not be resolved in the administrative proceedings.[3]
We also recognize that the purpose of the declaratory judgment action is to “declare rights, status, and other legal relations” under contracts and statutes, among other things. LSA-C.C.P. arts. 1871 and 1872. The declaratory judgment articles (LSA-C.C.P. arts. 1871 through 1883) are remedial in nature. Their purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered. LSA-C.C.P. art. 1881. Under these circumstances, we do not find Mr. Michel’s declaratory judgment action premature.

Applicability of Act 559

DAL contends that it did not apply Act 559 retroactively. DAL asserts that it enforced LSA-R.S. 32:668 as of the effective date of the statute by not issuing subpoenas compelling law enforcement officers to appear in implied consent hearings conducted on and after August 1, 2012. Alternatively, DAL avers that the law can be applied retroactively because it is merely procedural in nature insofar as it regulates the conduct of the administrative hearing.
In opposition, Mr. Michel submits that when he was arrested for driving while intoxicated and when he sought review to contest the proposed suspension of his license, he was able to subpoena, confront, and cross-examine all witnesses against him. Mr. Michel avers that as the hearing approached, that defensive right was taken from him. Mr. Michel concludes |sthat allowing Act 559 to apply under the circumstances would allow his license to be suspended on less and different testimonial evidence than was previously available before Act 559 became effective.
Louisiana statutory law, see LSA-R.S. 32:661-668, provides the procedures for the testing of persons suspected of operating a motor vehicle under the influence of alcohol, provides sanctions for persons who refuse to submit to- chemical tests, and dictates the administrative procedures for the sanctioning of such persons and for *660 review of these decisions. Flynn v. State, Dept. of Public Safety & Correction, 608 So.2d 994, 995 (La.1992). Act 559 amended the introductory paragraph of LSA-R.S. 32:668(A) relative to the hearing procedures following the revocation or denial of a one’s driver’s license by adding the clause, “no law enforcement officer shall be compelled by such person to appear or testify at such hearing” to the statute. Previously, an administrative hearing requested by an arrested driver under the provisions of LSA-R.S. 32:667 or LSA-R.S. 32:668 fell under the Administrative Procedure Act, LSA-R.S. 49:950, et seq., through which a plaintiff had the right to subpoena an arresting officer to testify at the hearing if he believed the officer’s testimony was needed. See Spreadbury v. State, Dept.of Public Safety, 99-0233 (La.App. 1 Cir. 11/5/99), 745 So.2d 1204, 1208-10; see also, LSA-R.S. 49:955-956.
As amended, LSA-R.S. 32:668, entitled “Procedure following revocation or denial of license; hearing; court review; review of final order; restricted licenses,” provides in relevant part:
A. Upon suspending the license or permit to drive or nonresident operating privilege of any person or upon determining that the issuance of a license or permit shall be denied to the person, the Department of Public Safety and Corrections shall immediately notify the person in writing and upon his request shall afford him an opportunity for a hearing based upon the department’s records or other evidence admitted |9at the hearing, and in the same manner and under the same conditions as is provided in R.S. 32:414 for notification and hearings in the case of suspension of licenses, except that no law enforcement officer shall be compelled by such person to appear or testify at such hearing and there shall be a rebuttable presumption that any inconsistencies in evidence submitted by the department and admitted at the hearing shall be strictly construed in favor of the person regarding the revocation, suspension, or denial of license. The scope of such a hearing for the purposes of this Part shall be limited to the following issues:
(1) Whether a law enforcement officer had reasonable grounds to believe the person, regardless of age, had been driving or was in actual physical control of a motor vehicle under the public highways of this state ... while under the influence of either alcoholic beverages or any abused substance or controlled dangerous substance as set forth in R.S. 40:964.
(2) Whether the person was placed under arrest.
(3) Whether he was advised by the officer as provided in R.S. 32:661.
(4) Whether he voluntarily submitted to an approved chemical test and whether the test resulted in a blood alcohol reading of 0.08 percent or above by weight, or of 0.02 percent or above if he was under the age of twenty-one years on the date of the test.
(5) Whether he refused to submit to the test upon the request of the officer.
(6) Such additional matters as may relate to the legal rights of the person, including compliance with regulations promulgated by the Department of Public Safety and Corrections and rights afforded to the person by law or jurisprudence.
[[Image here]]
(C) After a person has exhausted his remedies with the department, he shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the Department of Public Safety and Corrections in the same manner and under the same conditions as is provided *661 in R.S. 32:414 in the cases of suspension, revocation, and cancellation of licenses. The court in its review of the final order of suspension or denial by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B of this Section.
hnPrior to the effective date of Act 559, it is uncontested that Mr. Michel had a right established by jurisprudence and statutory law to subpoena his arresting officer to testify at his DAL suspension hearing. As the operative facts of his arrest and his timely request for a DAL suspension hearing both occurred before August 1, 2012, DAL did not apply Act 559 prospectively. Compare Church Mut. Ins. Co. v. Dardar, 13-2351 (La.5/7/14), 145 So.3d 271, 278-279 (explaining that a law operates retroactively when it goes back to the past, modifying or suppressing the effects or rights already acquired, citing Pla-ñid, Treatise on the Civil Law § 243(A) at 175).
Where a statute operates retroactively when applied in a particular case, the court should turn to the two-part inquiry of LSA-C.C. art. 6 to determine whether the statute falls within the exception to the rule of prospective application and can permissibly operate retroactively. See Austin v. Abney Mills, Inc., 01-1598 (La.9/4/02), 824 So.2d 1137, 1146-47. LSA-C.C. art. 6 provides the two-part test for Louisiana courts to consider: “[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.”
First, this court must determine whether the legislature intended Act 559 to have retroactive effect. See Wooley v. AmCare Health Plans of La., Inc., 05-2025 (La.App. 1 Cir. 10/25/06), 944 So.2d 668, 672. In the instant case, the legislature did not make any clear expression regarding its intent considering the retroactive application of Act 559. Therefore, this court must next determine whether Act 559 is a substantive, interpretative, or procedural law. Substantive laws establish new rules, rights, and duties or change existing ones. Procedural laws prescribe a method or remedy for |T1 enforcing a substantive right and relate to the form of proceedings or the operation of the laws. Id. Interpretative laws merely establish the meaning the interpreted law had from the time of its enactment. Wooley, 944 So.2d at 672-673; Segura v. Frank, 93-1271, 93-1401 (La.1/14/94), 630 So.2d 714, 720-23, cert. denied sub nom., 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). New law can only be applied retroactively if it does not result in the divestiture of vested rights or the impairment of the obligations of contracts. Wooley, 944 So.2d at 672 (citing U.S. Const, amend. XIV § 1; LSA-Const. art. I § 2 and art. I § 23). However, it is well-settled that there is no vested right in any given mode of procedure. Wooley, 944 So.2d at 674 (citing Sawicki v. K/S Stavanger Prince, 01-0528 (La.12/7/01), 802 So.2d 598, 604-05).
Here, it is clear that Act 559 is not interpretative as it amends existing statutory law to provide that no law enforcement officer shall be compelled to appear dr testify at a DAL suspension hearing. Considered on its face, Act 559 rather appears procedural as it relates to the form of the proceedings of DAL suspension hearings. Nevertheless, even procedural laws may mark a substantive change in the law when applied to a specific liti *662 gant that prevents its retroactive application. See Jackson v. Dendy, 98-0905 (La.App. 1 Cir. 6/24/94), 638 So.2d 1182, 1185. In Jackson, this court considered whether a legislative amendment to LSA-R.S. 13:3734(C), which modified existing health care provider-patient privilege in tort actions, could be applied retroactively. Id. at 1183-84. Although the court recognized that testimonial privileges were generally considered procedural in nature, the court explained that where a person has a procedural right to make a claim and that right is taken away by a procedural law, “a change in that right 1 ^constitutes a substantive change in the law as applied to that person.” Id. at 1185.[4]
Furthermore, the due process/divestiture of vested rights limitation noted in Wooley, supra, remains relevant in this case as Act 559 curtailed Mr. Michel’s previously existing right to subpoena, confront, and cross-examine a witness against him at his DAL administrative hearing. While it is true that Act 559 does not curtail Mr. Michel’s right to seek a de novo trial in the district court following an adverse ruling at the administrative hearing level, see Hagen v. State, Dept. of Public Safety & Corrections, 94-0577 (La.App. 1 Cir. 3/3/95), 652 So.2d 600, 601, this court must nonetheless recognize that administrative hearings, like the DAL suspension hearing provided for in LSA-R.S. 32:668, are not devoid of fundamental due process protections. See Butler v. Dept. of Public Safety & Corrections, 609 So.2d 790, 795 (La.1992).
In Butler, the plaintiff lodged a due process challenge to the administrative hearing procedures provided for in LSA-R.S. 32:667-668 following the suspension of his driver’s license. Id. at 793. Specifically, the plaintiff challenged the suspension of his driving privileges under circumstances in which the decision-maker, the administrative hearing officer, was subject to the control of the prosecutorial body. Id. He alleged this concentration of functions denied him a “neutral decision-making process required by the due process clause of the state and federal constitutions.” Id. at 793. Ultimately, the Louisiana Supreme Court concluded that due process did not require strict separation of functions at the suspension hearing, but did nonetheless engage in an extensive | ^consideration of the due process requirements in these administrative hearings. See Id. at 792-95. The Court even stated:
It is a well-established state and federal constitutional principle that a driver’s license is a property interest that cannot be suspended or revoked without due process of law. The constitutional adequacy of an adjudicatory process in which there is a deprivation of property is governed by the tripartite balancing test announced by the U.S. Supreme Court in Mathews v. Eldridge. The reviewing court must analyze and weigh three factors: first, the private interest affected by official action; second, the risk of error in the procedures used and the effectiveness, if any, of additional or substitute procedures; and third, the governmental interest involved.
(Citations omitted) Id. at 792-93; compare McMahon v. City of New Orleans, 13-0771 (La.App. 4 Cir. 12/18/13), 2013 WL 6925013 (unpublished) (wherein the Fourth Circuit remanded the case for a full hear *663 ing regarding plaintiff’s due process challenges to the evidentiary procedures relied upon to adjudicate municipal red light camera tickets; although recognizing standards may be more “relaxed” in administrative hearings the court indicated that the plaintiff was nonetheless entitled to due process protections in the administrative proceeding with civil penalties at stake) (citing Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).
Although this court is not faced with a facial due process challenge to the administrative procedures of LSA-R.S. 32:668 as amended by Act 559, the import of the above-cited jurisprudence is the indication that Mr. Michel may have vested rights in the DAL administrative hearing procedures following the suspension of his driver’s license. The veracity of such proposition is furthered by a review of the purpose and scope of the DAL administrative hearing. The purpose of the hearing is to provide an individual arrested for DWI an opportunity for administrative review of the proposed suspension of his license based upon the Department of Public |uSafety and Corrections’ records and other evidence. LSA-R.S. 32:668. The scope of the hearing is limited to factors that necessitate the involvement of the arresting officer, including: whether the law enforcement officer had reasonable grounds to believe the individual was driving a motor vehicle under the influence of alcohol, whether the law enforcement officer arrested the individual, whether the law enforcement officer advised the individual of his rights, and whether the law enforcement officer administered an approved chemical test or whether such test was refused. LSA-R.S. 32:668.
In this case, retroactive application of Act 559 prevented Mr. Michel from subpoenaing, confronting, and cross-examining the primary witness' against him. In fact, retroactive application of Act 559 largely renders the statutory scope of the administrative hearing moot, as the aforementioned factors cannot feasibly be adjudicated absent the compelled testimony or appearance of the arresting officer. While it is the province of the legislature to control the procedures of the hearing proceedings following the revocation or denial of one’s driver’s license, when retroactively applied to Mr. Michel, Act 559 significantly impacted Mr. Michel’s previously existing right to challenge the suspension of his driver’s license at a DAL administrative hearing. The divestiture of Mr. Michel’s previously existing procedural rights may be regarded as resulting in the ascription of substantive weight to the procedural change in the law, preventing retroactive application of Act 559. Thus, the district court’s judgment granting Mr. Michel in-junctive relief prohibiting DAL from denying him the opportunity to subpoena law enforcement officers involved in his arrest is affirmed.

11ffiourt Costs

DAL also contends that the district court erred in assessing costs against it in the amount of $752.00. The district court may grant court costs in favor of the successful party against the state, after taking into account any equitable considerations under LSA-C.C.P. art. 1920. LSA-R.S. 13:5112(A). Because we conclude that Act 559 should not be applied retroactively, we find no error in the district court assessing costs against DAL.
CONCLUSION
For the foregoing reasons, we affirm the district court’s May 28, 2013, judgment. Costs of this appeal in the amount of *664 $672.00 are assessed to appellant, the Division of Administrative Law.
AFFIRMED.
McCLENDON, J., dissents for reasons assigned.
PETTIGREW, J., concurs in part and dissents in part for the reasons assigned by Judge McCLENDON.

. The Division of Administrative Law is an executive branch administrative tribunal within the Department of State Civil Service that provides administrative hearing services for various state agencies, including the Louisiana Department of Public Safety, Office of Motor Vehicles. See LSA-R.S. 49:991-999.

. Relative to the Board of Ethics, LSA-Const. art. 10, § 21 provides:
The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions. The code shall be administered by one or more boards created by the legislature with qualifications, terms of office, duties, and powers provided by law. Decisions of a board shall be appealable, and the legislature shall provide the method of appeal.
Pursuant to the authority of LSA-Const. art. 10, § 21, the legislature enacted a Code of Governmental Ethics, provided for the creation of administrative commissions, and established procedures to be followed. Accordingly, the district courts have no subject matter jurisdiction over application or interpretation of the Ethics Code or due process challenges to the Board of Ethics’ procedures.

. We also note that the Louisiana Administrative Procedure Act allows for review of certain actions and rulings prior to a final adjudication. See LSA-R.S. 49:964(A)(1) ("A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.”) Neither of the parties specifically address LSA-R.S. 49:964(A)(1).

. The court in Jackson elaborated on this proposition, explicating that changes to prescriptive statutes, although technically procedural, could be ascribed substantive weight where the right to file an action or claim would be retroactively changed, and additionally noting that jurisprudence ascribes substantive weight to some evidentiary statutes. See Jackson, 638 So.2d at 1185.