IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JARED SNOW,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2063

Opinion filed June 21, 2016.

An appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

ON REMAND FROM THE FLORIDA SUPREME COURT

PER CURIAM.

We previously affirmed Appellant's convictions for using a computer service to solicit a child to engage in sexual conduct in violation of section 847.0135(3)(a), Florida Statutes (2013), and traveling to meet a minor to do unlawful acts in violation of section 847.0135(4)(a). Snow v. State, 157 So. 3d

559 (Fla. 1st DCA 2015). Thereafter, the Florida Supreme Court quashed our decision and remanded for reconsideration in light of State v. Shelly, 176 So. 3d 914 (Fla. 2015), which held that double jeopardy principles prohibit separate convictions for solicitation under section 847.0135(3)(b) and traveling to meet a minor after solicitation pursuant to section 847.0135(4)(b) if the charges were based on the same conduct.

After remand, we ordered the State to show cause why Appellant's conviction and sentence for the solicitation offense should not be vacated based on Shelley. The State responded by conceding that Appellant's "conviction and sentence for the lesser offense should be vacated." Accordingly, we reverse and remand to the trial court with directions to vacate Appellant's conviction and sentence for the lesser offense of using a computer service to solicit a child to engage in sexual conduct in violation of section 847.0135(3)(a), Florida Statutes. In addition, as explained in our original opinion, we reverse and remand with directions that the trial court strike those special conditions of sex offender probation not orally pronounced at sentencing. In all other respects, we affirm.

AFFIRMED in part; REVERSED in part; and REMANDED with directions.

RAY, JAY, and WINSOR, JJ., CONCUR.

2