Kuntz, J.
Michael Levandoski appeals the court’s order denying his post-conviction motion to correct his sentence. Levandoski argues that his written sentence was illegal because it included “sex offender probation” even though the individual components of sex offender probation were not orally pronounced at sentencing. We conclude that the court’s oral pronouncement that Le-vandoski would be subject to “sex offender probation” was sufficient to impose each of the components. Therefore, we affirm.
We also recognize that the First District reached a different result in Snow v. State (Snow I), 157 So.3d 559, 561 (Fla. 1st DCA 2015), clarified on remand, 193 So.3d 1091 (Fla. 1st DCA 2016), and certify conflict with that decision.
I. Factual Background
In 2010, Levandoski pleaded guilty to charges of lewd computer solicitation of a child and traveling to meet a minor for unlawful sexual activity. At sentencing, the court orally stated that “I’m going to sentence him to 48 months in the Department of Corrections on count I, followed by one year of sexual offender probation, and count II, 48 months incarceration in the department of corrections followed by 16 years of sex offender probation.” The court immediately corrected itself, stating: “I’m sorry, I misspoke. ... I’m imposing one year on count one and followed by 15-year sex offender probation on count two for a total of 16 [years].”
When asked to confirm the sentence by counsel for defendant, the court stated “it’s 48 months on count one, followed by a year, and then 15 years of sex offender probation on count II.” Shortly thereafter, the court acknowledged sex offender probation was “available, but ... not mandatory,” and that the probation “will be subject to the conditions of sex offender probation.”
As a precaution, the court also pronounced that “I will make it a special condition of his probation that he is prohibited from—this is part of the sex offender probation anyway, but just to make the record clear, should there be any change in the law as of the time of his release, he’s prohibited from accessing the internet, possessing a computer or any electronic device that can access the internet, and he’s prohibited from having an email address or other similar type of address that allows him to participate in conversations with anyone over the internet by whatever name that may be known here or in the future until his probation is concluded.” As the court stated when reviewing the sentencing transcript at the hearing on the instant motion, “it was the intent of all the parties, even defense counsel ... , that sex offender probation would be imposed” and that “it was the intent of the court and of the parties that he be imposed sex offender probation.”
Three days before Levandoski was released from the ■ Department of Corrections, the State filed a “motion to clarify conditions of sex offender probation.” In the motion, the State stated that “the court sentenced the defendant on October 15, 2010 [to] one year of ‘sex offender probation’ on Count I and to 15 years ‘sex offender probation’ to run consecutive on Count II,” The State also asserted that “the record is clear that the intent of the court was that the defendant should comply with all the applicable conditions of sex offender probation under [Florida Statutes section] 984.30.” The State’s motion to clarify was neither heard nor ruled on by the court.
*218 Sixteen months after the State filed its motion to clarify, Levandoski filed a “motion to strike sex offender conditions of probation, or, in the alternative, to modify probation.” In his motion to strike, Levan-doski argued that the court did not orally pronounce the special, conditions of his probation at sentencing and, therefore, he argued the sex offender probation conditions must be stricken from his sentence. The court held a hearing and concluded that based upon its interpretation of Sturges v. State, 980 So.2d 1108 (Fla. 4th DCA 2008), it did not have the authority to sentence Levandoski to sex offender probation. However, the court also concluded that it “was not prohibited from imposing conditions of sentence that may be included in sex offender probation if they were relevant to the crime charged, which I clearly believed.” Based upon' these conclusions, the court denied thé motion. Levandoski appeals.
II, Analysis
Levandoski argues that the court’s written probation order imposed each of the conditions of “sex offender probation” but that the court only imposed certain of those conditions at the oral pronouncement of his sentence. Therefore, we treat this as an appeal of an order denying a motion to correct an illegal sentence pursuant to Florida Rule Criminal Procedure 3.800(a). Williams v. State, 957 So.2d 600, 601 (Fla. 2007) (“[A]sserting a discrepancy between an oral and written sentence is cognizable in a rule 3.800(a) proceeding for correction of an illegal sentence”). We have jurisdiction. See Fla. R. App. P. 9.140(b)(1)(D).
Because a sentencing error involves a pure issue of law, this court’s standard of review is de novo, Parkerson v. State, 163 So.3d 683 (Fla. 4th DCA 2015).
In this case, Levandoski acknowledges that the court orally imposed “all standard conditions of sex offender probation at sentencing.” However, because sex offender probation was not mandatory he argues that the court was required to individually state each of the separate conditions of sex offender probation. With regard to those conditions not individually stated, Levan-doski argues that they are illegal and must be stricken.
To support his argument, Levandoski relies on both Sturges and Snow I, In Sturges, the trial court imposed a sentence that included sex offender probation but did so on the mistaken belief that it was required to include sex offender probation for the crimes at issue. 980 So.2d at 1109. As our supreme court has since explained, “[in Sturges ], the sex offender probation conditions had been imposed mandatorily pursuant to section 948.30” in a situation where they were not mandatory. Villanueva v. State, 200 So.3d 47, 50 (Fla. 2016). Sturges held that a court cannot impose sex offender probation as a mandatory condition of probation when it is not mandated by statute. 980 So.2d at 1109. However, Sturges clearly left open the possibility that sex offender probation could be imposed as a special condition of probation. Id.
In Snow I, the First District concluded that sex offender probation can be applied even when not mandatory. 157 So.3d at 561. However, the court held that only those conditions of sex offender probation that are specifically stated can be imposed. Id. The court held that “those conditions not orally pronounced at sentencing must be stricken.” Id. at 561-62; see also Snow v. State (Snow II), 193 So.3d 1091, 1091 (Fla. 1st DCA 2016) (“In addition, as explained in our original opinion, we reverse and remand with directions that the trial court strike those special conditions of sex offender probation not orally pronounced *219 at sentencing.”). We disagree with our sister court.
Our supreme court has explained that special conditions of probation must be orally pronounced in order to satisfy due process. Lawson v. State, 969 So.2d 222, 227 n.3 (Fla. 2007). An oral pronouncement is required because a probationer is imputed with notice as to those conditions that are based upon statute but not as to those conditions that were uniquely drafted for purposes of his or her probation.” Id. In order to satisfy due process and provide adequate notice to the defendant, “the trial court must orally pronounce any special condition at sentencing.” Id.
“Sex offender probation” is a term of art describing certain conditions of probation that must be applied pursuant to statute in certain instances. See § 948.30, Fla. Stat. (2010). However, sex offender probation may also be imposed as a special condition of probation for an offense not enumerated in the statute. Villanueva, 200 So.3d at 53. When imposed as a special condition of probation, the court must state at sentencing that it is imposing sex offender probation. Parkerson, 163 So.3d at 692. In Parkerson, the sentencing “court did not orally pronounce that ‘sex offender conditions apply to the defendant’s community control and probation terms.” Id. In that situation, where “sex offender probation” was not orally pronounced, it cannot be imposed as the defendant was not on notice.
In this case, Levandoski was on notice that the court sentenced him to “sex offender probation.” Prior to entering his plea, Levandoski acknowledged a prior offer from the State that sought to impose sex offender probation. After sentencing, Levandoski filed two motions in the circuit court stating that he had been sentenced to sex offender probation. And, on direct appeal, his counsel filed an Anders brief in this Court acknowledging that he had been sentenced to one year of sex offender probation on count I and a consecutive 15 years of sex offender probation on count II. Unlike Parkerson, the court in this case orally imposed “sex offender probation” at sentencing.
Due process is satisfied, and the defendant is put on notice, when the court states at sentencing that it is imposing sex offender probation. When a court clearly imposes sex offender probation as a special condition of probation, it need not individually specify each item contained within the umbrella of sex offender probation conditions. Unlike Parkerson, where the sentencing court did not orally sentence the defendant to sex offender probation, and Sturges, where the court wrongly imposed “mandatory” sex offender probation when it was not mandatory, the court here exercised its discretion and clearly imposed sex offender probation as a special condition of probation. We find no conflict between the oral pronouncement and the written sentence.
III. Conclusion
When appropriate, a court may impose sex offender probation as a special condition of probation without stating the various components that term encompasses. Therefore, the trial court’s order is affirmed. We also certify conflict with the First District’s opinion in Snow I, 157 So.3d 559 (Fla. 1st DCA 2015), clarified on remand, 193 So.3d 1091 (Fla. 1st DCA 2016).

Affirmed and conflict certified.

Warner and Gerber, JJ., concur.