# Supreme Court of Florida

————————

No. SC17-962

————————

**MICHAEL LEVANDOSKI,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[June 7, 2018]

LABARGA, C.J.

This case is before the Court for review of the decision of the Fourth District Court of Appeal in *Levandoski v. State*, 217 So. 3d 215 (Fla. 4th DCA 2017), which certified conflict with the decision of the First District Court of Appeal in *Snow v. State* (*Snow I*), 157 So. 3d 559 (Fla. 1st DCA 2015), *quashed on other grounds*, No. SC15-536 (Fla. Apr. 28, 2016), *clarified on remand*, 193 So. 3d 1091 (Fla. 1st DCA 2016), on the issue of whether a trial court is required to orally pronounce each condition of "sex offender probation" contained in section 948.30, Florida Statutes (2010), when the defendant is not convicted of one of the section's enumerated offenses. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const. For

the reasons explained below, we approve the decision of the Fourth District and disapprove of *Snow* to the extent it holds each special condition of sex offender probation must be orally pronounced.

## FACTS AND PROCEDURAL HISTORY

In June 2009, Petitioner Michael Levandoski was arrested and charged with two offenses: (Count I) lewd computer solicitation of a child[1] under section 847.0135(3), Florida Statutes (2010), and (Count II) traveling to meet a minor for unlawful sexual activity under section 847.0135(4), Florida Statutes (2010). In August 2010, Levandoski pleaded no contest to both charges.[2] Levandoski moved for a downward departure sentence and requested that he be sentenced to "sex offender probation with house arrest," rather than a prison term. The trial court denied the motion and sentenced him to forty-eight months' incarceration followed by one year of "sex offender probation" for Count I. *Levandoski*, 217 So. 3d at 217. For Count II, the court imposed fifteen years of "sex offender probation" to run consecutively to Count I. *Id.* The court stated during the sentencing hearing:

> I will make it a special condition of his probation that he is prohibited
> from—this is part of the sex offender probation anyway, but just to

_____

1. The "child" in this case was actually an undercover detective posing as a fifteen-year-old in an online chat room.

2. The Fourth District's decision states Levandoski pleaded guilty to both charges. *Levandoski*, 217 So. 3d at 217. However, the plea form and the written sentencing order reflect that he entered a plea of nolo contendere.

make the record clear, should there be any change in the law as of the time of his release, he's prohibited from accessing the internet, possessing a computer or any electronic device that can access the internet, and he's prohibited from having an email address or other similar type of address that allows him to participate in conversations with anyone over the internet by whatever name that may be known here or in the future until his probation is concluded.

The written Order of Sex Offender Probation included the standard conditions of Levandoski's probation, the special conditions orally pronounced during sentencing, and all of the conditions contained in section 948.30, Florida Statutes (2010). Levandoski's convictions and sentences were affirmed on direct appeal. *Levandoski v. State*, 96 So. 3d 907 (Fla. 4th DCA 2012).

In 2015, after serving his prison term, Levandoski moved to strike the section 948.30 conditions of probation on the ground that they constituted an illegal sentence because the conditions were neither mandatory under the statute, nor orally pronounced at sentencing. Alternatively, he moved to modify certain conditions of his probation if the court was unwilling to strike them in their entirety.

During a hearing on the motion to strike, the trial court acknowledged that it did not review with Levandoski the conditions found in section 948.30 during the plea colloquy. It also determined that the Florida Department of Corrections was supervising Levandoski "as if he had been put on sex offender probation for [section] 847.0135(5)." In other words, Levandoski was being supervised for

every condition of sex offender probation contained in section 948.30 that is applicable to violators of section 847.0135(5), even though he was convicted of violations of section 847.0135(3) and (4). The court ultimately denied Levandoski's motion to the extent he requested the section 948.30 conditions be struck.[3]

On appeal to the Fourth District, Levandoski argued that the trial court erred in denying the motion to correct sentence. *Levandoski*, 217 So. 3d at 217.[4] He asserted that "his written sentence was illegal because it included 'sex offender probation' even though the individual components of sex offender probation were not orally pronounced at sentencing." *Id.* at 217. The district court disagreed and determined that, "[w]hen a court clearly imposes sex offender probation as a special condition of probation, it need not individually specify each item contained within the umbrella of sex offender probation conditions." *Id.* at 219. The district court concluded "the court's oral pronouncement that Levandoski would be subject

---

3. However, the trial court did modify Levandoski's probation to allow him to travel for work, with certain restrictions.

4. The district court treated the case "as an appeal of an order denying a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). *Williams v. State*, 957 So. 2d 600, 601 (Fla. 2007) ('[A]sserting a discrepancy between an oral and written sentence is cognizable in a rule 3.800(a) proceeding for correction of an illegal sentence')." *Levandoski*, 217 So. 3d at 218.

- 4 -

to 'sex offender probation' was sufficient to impose each of the components" contained in section 948.30. *Id.* at 217.

The Fourth District certified conflict with the decision of the First District in *Snow I*, which held that only those conditions of sex offender probation that are specifically stated can be imposed, and "conditions not orally pronounced at sentencing must be stricken" and may not be imposed at resentencing pursuant to double jeopardy principles. 157 So. 3d at 562.[5] This review follows.

## ANALYSIS

The issue presented is a pure question of law subject to de novo review. *See Norvil v. State*, 191 So. 3d 406, 408 (Fla. 2016).

Section 948.30 delineates the standard conditions of probation for those who commit certain enumerated sex offenses: those convicted of a violation of chapter 794, or sections 800.04, 827.071, 847.0135(5), or 847.0145, Florida Statutes (2010). Pursuant to the specific language of section 948.30, if a defendant is

---

5. On review, this Court quashed *Snow I* and remanded for reconsideration in light of *State v. Shelley*, 176 So. 3d 914 (Fla. 2015) (holding double jeopardy principles prohibit separate convictions for conduct that constitutes both solicitation under section 847.0135(3)(b) and traveling after solicitation under subsection (4)(b)). *Snow v. State*, No. SC15-536, 2016 WL 1696462, at *1 (Fla. Apr. 28, 2016). On remand, the district court reversed and remanded to the trial court with directions to vacate Snow's conviction and sentence for the lesser offense of solicitation pursuant to *Shelley*. *Snow v. State* (*Snow II*), 193 So. 3d 1091, 1091 (Fla. 1st DCA 2016). In addition, and consistent with *Snow I*, the district court directed the trial court to "strike those special conditions of sex offender probation not orally pronounced at sentencing." *Id.*

convicted of one of these offenses, the trial court is not required to orally pronounce each standard condition at sentencing. § 948.30, Fla. Stat. (2010). While the conditions within section 948.30 are only mandatory for violations of the enumerated offenses, they can nevertheless be imposed, in whole or in part, on violators of other offenses as special conditions of probation if they reasonably relate to rehabilitation. *Villanueva v. State*, 200 So. 3d 47, 53 (Fla. 2016).

Historically, trial courts have orally pronounced special conditions of probation during sentencing. *See Lawson v. State*, 969 So. 2d 222, 227 n.3 (Fla. 2007). In 1999, Florida Rule of Criminal Procedure 3.800(b) was amended to allow a defendant to file a motion to correct sentencing error in the trial court at any time until the first appellate brief is filed. *Amends. to Fla. Rules of Crim. Pro. 3.111(e) & 3.800 & Fla. Rules of App. Pro. 9.020(h), 9.140, & 9.600*, 761 So. 2d 1015 (Fla. 1999), *modified*, 761 So. 2d 1025 (Fla. 2000). It was anticipated that the extended time to file a rule 3.800(b) motion would "eliminate the problem of unpreserved sentencing errors raised on direct appeal." *Maddox v. State*, 760 So. 2d 89, 94 (Fla. 2000). In *Maddox*, this Court explained how the amendments to rule 3.800(b) satisfied due process concerns related to unpronounced special conditions of probation:

> Prior to the [Criminal Appeal Reform Act of 1996], we differentiated between "general conditions of probation" and "special conditions of probation." *See* [*State v.*] *Williams*, 712 So. 2d [762] at 764 [(Fla. 1998)]; *Justice* [*v. State*], 674 So. 2d [123] at 125 [(Fla.

1996)]. We found that defendants are given constructive notice of the imposition of general conditions of probation that are mandated or authorized by statute. *See State v. Hart*, 668 So. 2d 589, 592 (Fla. 1996); *see also Brock v. State*, 688 So. 2d 909, 910 n. 1 (Fla. 1997). Likewise, defendants are given constructive notice of the general conditions of probation published in conditions (1)-(11) of the standard probation form found in Florida Rule of Criminal Procedure Rule 3.986(e). *See Hart*, 668 So. 2d at 592. Thus, general conditions of probation do not have to be orally pronounced at the sentencing hearing and due process is satisfied as long as the conditions are included in the written sentencing order. *See id.* at 592-93.

However, we distinguished special conditions of probation, which are not statutorily authorized or mandated or found among the first eleven general conditions of probation listed in the rules of criminal procedure. *See Williams*, 712 So. 2d at 764; *Hart*, 668 So. 2d at 593. We found that if the defendant had not been given notice of the imposition of these sanctions during the oral pronouncement of sentence, the special condition of probation must be struck and could not be reimposed on remand. *See Justice*, 674 So. 2d at 125.

Because we allowed courts to impose general conditions of probation that have not been orally pronounced, it is clear that our primary concern in correcting unannounced special conditions of probation is the due process violation occurring when a person does not have notice and an opportunity to object to the condition of probation. *However, following our promulgation of rule 3.800(b), defendants have been given a procedural mechanism to object to the imposition of special conditions of probation that have not been orally pronounced. This procedural mechanism satisfies due process concerns because the defendant has an opportunity to object following the imposition of the special condition of probation.*

*Id.* at 105 (emphasis added).

In other words, if the written sentencing order contains special conditions of probation that a defendant alleges were not orally pronounced at sentencing, substantive objections to those conditions may be raised in a rule 3.800(b) motion upon receiving the written order after the conclusion of the sentencing hearing (but

- 7 -

before the first appellate brief is filed). Fla. R. Crim. P. 3.800(b). Therefore, the defendant cannot raise a due process claim asserting he was not afforded an opportunity to object to the unpronounced conditions because the rule 3.800(b) motion afforded him that opportunity.[6] However, if the written order is *not* provided in time to file a rule 3.800(b) motion, the defendant would have a viable due process argument because he did not have an opportunity to object to the unpronounced conditions.

Accordingly, in order to raise a due process claim related to unpronounced special conditions of probation, a defendant must show that he was not provided with the written sentencing order in time to file a rule 3.800(b) motion. Here, Levandoski has not established or alleged that he did not receive the written order in time, and the record is unclear on this point.[7] Therefore, Levandoski is not entitled to relief.

---

6. This does not leave a defendant without remedy if the written order contains conditions more severe than orally pronounced: the defendant may raise this issue as a double jeopardy claim at any time in a rule 3.800(a) motion. *See Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) ("When the written document results in a sentence that is more severe than the sentence announced in court, this Court has considered it a potential violation of the constitutional protection against double jeopardy."). Put differently, a defendant can at any time assert a claim in a 3.800(a) motion that the written sentencing order was more severe than the oral sentence, but not that he was not afforded an opportunity to object—unless the written order was not received in time to file a rule 3.800(b) motion.

7. Levandoski was sentenced on October 15, 2010. The written sentencing order is dated November 1, 2010, but it is unclear when Levandoski actually

Nevertheless, even if Levandoski did not receive the written sentencing order in time to file a rule 3.800(b) motion, we conclude he was adequately placed on notice of the conditions of his probation during sentencing. Levandoski argues that the trial court was required to orally pronounce each applicable "sex offender probation" condition found in section 948.30 during sentencing. The Fourth District disagreed and concluded that "[w]hen a court clearly imposes sex offender probation as a special condition of probation, it need not individually specify each item contained within the umbrella of sex offender probation conditions." *Id.* at 219. The district court determined that orally pronouncing "sex offender probation" was sufficient to satisfy due process and put Levandoski on notice, particularly since "Levandoski acknowledge[d] that the court orally imposed 'all standard conditions of sex offender probation at sentencing.'" *Id.* at 218.

We agree with the conclusion of the Fourth District. Not only did Levandoski acknowledge that he was placed on "sex offender probation," but he also specifically requested it. Prior to sentencing, Levandoski moved for a downward departure sentence consisting of "sex offender probation" with house arrest, rather than a prison term:

---

received it. Levandoski did not file a rule 3.800(b) motion or raise a due process claim on direct appeal. This claim was first raised in a postconviction motion to strike which was ultimately treated as a rule 3.800(a) motion. *See Levandoski*, 217 So. 3d at 218.

> [DEFENSE COUNSEL]: *We're asking the court to give him sex offender probation* with house arrest. If he goes to prison, Judge—*we're asking for sex offender probation*, Judge, and we think that's appropriate.

(Emphasis added.) During a subsequent hearing on Levandoski's motion to strike, the trial court determined "it was the intent of all the parties, even defense counsel at the time, that sex offender probation would be imposed." Levandoski's request for sex offender probation is indicative of an understanding of what probationary conditions he would be subjected to if the court granted his request.

Moreover, during sentencing, the trial court implicitly referenced section 948.30 by specifically imposing a condition found exclusively within the statute:

> I will make it a special condition of his probation that he is prohibited from—*this is part of the sex offender probation anyway*, but just to make the record clear, should there be any change in the law as of the time of his release, he's *prohibited from accessing the internet*, possessing a computer or any electronic device that can access the internet, and he's prohibited from having an email address or other similar type of address that allows him to participate in conversations with anyone over the internet by whatever name that may be known here or in the future until his probation is concluded.

(Emphasis added.) The prohibition against accessing the internet as a condition of probation appears only in section 948.30(1)(h) (prohibiting a probationer from "accessing the Internet or other computer services"). No other provision within chapter 948 (Probation and Community Control) includes such a prohibition. The trial court's pronouncement, when read in context, orally imposed all of the

conditions of sex offender probation, *including and in particular* the prohibition against accessing the internet.

Levandoski contends that, because the statutory definition of "sex offender probation" makes no reference to section 948.30,[8] he could not have known that by imposing "sex offender probation," the trial court was referring to the conditions within section 948.30. However, as the district court observed, "sex offender probation" is a term of art commonly used to refer to the conditions found in section 948.30. *Levandoski*, 217 So. 3d at 219. Numerous cases have used the term this way,[9] and Levandoski does not assert that it has been used to refer to any

---

8. Section 948.001(13), Florida Statutes (2010), defines "sex offender probation" as

> a form of intensive supervision, with or without electronic monitoring, which emphasizes treatment and supervision of a sex offender in accordance with an individualized treatment plan administered by an officer who has a restricted caseload and specialized training.

9. *See State v. Coleman*, 44 So. 3d 1198, 1200-01 (Fla. 4th DCA 2010) ("[I]n addition to defining sex offender probation as involving 'intensive supervision,' chapter 948 provides that a trial court sentencing a defendant to sex offender probation must impose an extensive list of conditions for those . . . convicted of certain enumerated sex crimes. *See* § 948.30(1)-(3), Fla. Stat. (2010)." (emphasis omitted)); *see also Staples v. State*, 202 So. 3d 28, 30 (Fla. 2016) (using the term "sex offender probation" to refer to the conditions in section 948.30); *Adams v. State*, 979 So. 2d 921, 926 (Fla. 2008) (same); *Dorsey v. State*, 169 So. 3d 1286 (Fla. 1st DCA 2015) (same); *Harroll v. State*, 960 So. 2d 797 (Fla. 3d DCA 2007) (same); *State v. Springer*, 965 So. 2d 270 (Fla. 5th DCA 2007) (same).

other statute.  Therefore, we conclude the trial court's reference to section 948.30 during sentencing, in conjunction with Levandoski's prior request for sex offender probation, adequately put Levandoski on notice of the conditions of his probation.[10]

## CONCLUSION

Levandoski has failed to establish that he was not provided with the written sentencing order in time to file a rule 3.800(b) motion and, therefore, is not entitled to relief.  Further, because Levandoski specifically requested sex offender probation, and the trial court implicitly referenced section 948.30 by imposing a condition of probation that is only located in that statute, we conclude due process was satisfied here.  Accordingly, we approve the decision of the Fourth District and disapprove of *Snow* to the extent it holds each special condition of sex offender probation must be orally pronounced.

It is so ordered.

LEWIS, CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

---

10.  We nevertheless encourage trial courts to be as specific as possible during sentencing in order to avoid any misunderstanding regarding whether all, or only some, conditions of sex offender probation are to be imposed.

PARIENTE, J., concurring in part and dissenting in part.

I agree that Levandoski should have raised the claim regarding the special conditions of sex offender probation through a rule 3.800(b) motion. Thus, I would approve the result reached by the Fourth District Court of Appeal, not on the merits, but because Levandoski's claim is procedurally barred. *See* majority op. at 9. Additionally, for that reason, the majority's discussion of why the special conditions of probation need not have been orally pronounced is unnecessary in this case.

Nevertheless, because the majority has chosen to address the merits of a claim that they assert is procedurally barred, I discuss the majority's suggestion that there should be an "implicit reference" exception to the requirement that special conditions of probation be orally pronounced. *Lawson v. State*, 969 So. 2d 222, 227 n.3 (Fla. 2007); *see* majority op. at 10. Instead, I would continue to adhere to our precedent, consistent with the First District Court of Appeal in *Snow v. State* (*Snow I*), 157 So. 3d 559 (Fla. 1st DCA 2015), *quashed on other grounds*, No. SC15-536 (Fla. Apr. 2, 2016), *clarified on remand*, 193 So. 3d 1091 (Fla. 1st DCA 2016) (*Snow II*), that trial courts are required to orally pronounce, with specificity, all special conditions of probation. And, had Levandoski properly raised this challenge to his sentence through a rule 3.800(b) motion, I would conclude that those special conditions not orally pronounced should be stricken

- 13 -

from his probation.  Thus, if the matter were properly before this Court, I would also quash the Fourth District Court of Appeal's decision in *Levandoski v. State*, 217 So. 3d 215 (Fla. 4th DCA 2017), which addressed the merits of Levandoski's challenge, and approve of the First District Court of Appeal's decision in *Snow I*.[11]

## ANALYSIS

In *Snow I*, addressing the same issue presented in this case, the First District properly concluded:

> [T]he trial court could selectively impose special conditions of sex offender probation, which were reasonably related to appellant's conviction for traveling to meet a minor to engage in unlawful acts that were sexual in nature.  However, the law requires that each special condition of probation be pronounced orally at sentencing before it can be included in the written probation order. *Lawson v. State*, 969 So. 2d 222, 227 n.3 (Fla. 2007); *State v. Hart*, 668 So. 2d 589, 592 (Fla. 1996); *Newton v. State*, 31 So. 3d 892, 894 (Fla. 4th DCA 2010).  The trial court's written order contains all of the conditions of sex offender probation listed in the statute, but not all of these conditions were orally pronounced at sentencing.  Those conditions not orally pronounced at sentencing must be stricken

---

11. In *State v. Snow*, No. SC15-536, 2016 WL 1696462 (Fla. Apr. 28, 2016), this Court quashed the First District's decision in *Snow I* and remanded for consideration in light of our opinion in *State v. Shelley*, 176 So. 3d 914 (Fla. 2015), which held that double jeopardy principles prohibit separate convictions for solicitation under section 847.0135(3)(b) and traveling to meet a minor after solicitation pursuant to section 847.0135(4)(b) if the charges were based on the same conduct. *Id.* at 919.  On remand in *Snow II*, 193 So. 3d 1091 (Fla. 1st DCA 2016), the First District reaffirmed its holding with respect to the special conditions of probation, stating:  "In addition, as explained in our original opinion, we reverse and remand with directions that the trial court strike those special conditions of sex offender probation not orally pronounced at sentencing.  In all other respects, we affirm." *Id.* at 1091.

- 14 -

because double jeopardy principles prevent them from being imposed at resentencing. *Justice v. State*, 674 So. 2d 123 (Fla. 1996); *Clussman v. State*, 89 So. 3d 1093, 1094 (Fla. 1st DCA 2012).

*Snow I*, 157 So. 3d at 561-62.

Beyond *Snow I*, this Court has made clear that "special conditions, which are those not specifically authorized by statute, must be orally pronounced at sentencing before they can be placed in the probation order." *Lawson*, 969 So. 2d at 227 n.3. This requirement is a safeguard to protect the criminal defendant's right to due process. "Because a defendant is not on notice of special conditions of probation, these conditions must be pronounced orally at sentencing in order to be included in the written probation order." *State v. Williams*, 712 So. 2d 762, 764 (Fla. 1998).

Despite this Court's clear pronouncement in *Lawson*, the majority today indicates that in the future it would adopt the reasoning of the Fourth District below, which held that "[w]hen a court clearly imposes sex offender probation as a special condition of probation, it need not individually specify each item contained within the umbrella of sex offender probation conditions." *Levandoski*, 217 So. 3d at 219. The decision is problematic for several reasons.

First, the definition of the term "sex offender probation" does not reference section 948.30:

> "Sex offender probation" or "sex offender community control" means a form of intensive supervision, with or without electronic

monitoring, which emphasizes treatment and supervision of a sex offender in accordance with an individualized treatment plan administered by an officer who has a restricted caseload and specialized training. An officer who supervises an offender placed on sex offender probation or sex offender community control must meet as necessary with a treatment provider and polygraph examiner to develop and implement the supervision and treatment plan, if a treatment provider and polygraph examiner specially trained in the treatment and monitoring of sex offenders are reasonably available.

§ 948.001(13), Fla. Stat. (2010). A plain reading of the definition of "sex offender probation" would in no way indicate that Levandoski was required to follow the conditions within section 948.30.

Second, there is no statute titled "Sex offender probation" or "Conditions of sex offender probation." Section 948.30 is titled "Additional terms and conditions of probation or community control for certain sex offenses" and provides that those conditions "shall be considered standard conditions of probation or community control for offenders specified in this section." § 948.30, Fla. Stat. (2010). Levandoski was not charged with any of the sex offenses enumerated in section 948.30 but, instead, was charged with two offenses: (Count I) lewd computer solicitation of a child under section 847.0135(3), Florida Statutes (2010), and (Count II) traveling to meet a minor for unlawful sexual activity under section 847.0135(4), Florida Statutes (2010). Majority op. at 2.

Thus, even if defendants understand that the term "sex offender probation" refers to section 948.30, Florida Statutes (2010), a plain reading of the statute

would not indicate that the conditions imposed within the statute applied to them. Indeed, none of the conditions in section 948.30 apply to violations of section 847.0135(3) and (4). Additionally, section 948.30(4) applies only to probationers whose crimes were committed on or after May 26, 2010. *Id.* § 948.30(4). Indeed, defendants like Levandoski, whose crimes occurred in 2009 and whose crimes are not referenced within section 948.30, would have no reason to believe that the conditions listed within section 948.30 actually applied to them.

Further, even if defendants were to review the sex offender probation conditions described in section 948.30, the conditions themselves are unclear as to which would be applicable in any particular case. For example, Levandoski was convicted under section 847.0135, subsections (3) and (4), which punish conduct where the offender believes the victim to be a child, even if the "victim" is actually an undercover police officer, as was the case here. However, section 948.30, subsections (1), (3), and (4) have conditions that apply only where the victim was actually under the age of eighteen or fifteen. For instance, if the victim was under the age of eighteen, section 948.30(1)(b) prohibits the probationer from "living within 1,000 feet of a school, child care facility, park, playground, or other place where children regularly congregate." § 948.30(1)(b), Fla. Stat. (2010). While the fact that Levandoski's "victim" was an undercover officer—and not a fifteen-year-old girl, as Levandoski believed—does not negate his guilt, it is

unclear whether this fact prevents these age-specific conditions of probation from applying to him. A reasonable reading of these subsections arguably could lead Levandoski, or any defendant, to conclude that they do not.

Nevertheless, the majority would conclude that "because Levandoski specifically requested sex offender probation, and the trial court implicitly referenced section 948.30 by imposing a condition of probation that is only located in that statute . . . due process was satisfied here." Majority op. at 11. However, the majority fails to explain how a defendant's request for "sex offender probation" equates to notice of which conditions, specifically, within section 948.30 Levandoski was required to follow. The issue is not whether the defendant knew he was on sex offender probation, but whether the defendant received sufficient notice of the specific conditions he was required to follow to ensure he did not violate his probation. As this Court has stated, only "when a trial court sufficiently apprises the defendant of the 'substance of each special condition' so that the defendant has the opportunity to object 'to any condition which the defendant believes is inappropriate,' [are] the minimum requirements of due process . . . satisfied." *State v. Hart*, 668 So. 2d 589, 592 (Fla. 1996) (quoting *Olvey v. State*, 609 So. 2d 640, 643 (Fla. 2d DCA 1992)).

- 18 -

## THIS CASE

As the majority states in footnote 7 of its opinion, Levandoski was sentenced on October 15, 2010. The written sentencing order is dated November 1, 2010, but it is unclear when Levandoski actually received it. Levandoski did not file a rule 3.800(b) motion or raise a due process claim on direct appeal. This claim was first raised in a postconviction motion to strike which was ultimately treated as a rule 3.800(a) motion. *See Levandoski*, 217 So. 3d at 218. I agree with the majority that this claim should have been raised in a rule 3.800(b) motion. Majority op. at 8-9. Accordingly, I would also agree with the majority's conclusion that Levandoski's claim is procedurally barred, unless he can show good cause why it has not been previously raised.

However, had the claim been properly raised, I would conclude that the special conditions of probation should be stricken from Levandoski's sentence. Levandoski was not convicted of any of the offenses enumerated in section 948.30, Florida Statutes (2010), to which sex offender probation would clearly apply. Thus, sex offender probation was a special condition of Levandoski's probation, which, based on our precedent, the trial court was obligated to orally pronounce at his sentencing.

Levandoski's request for "sex offender probation" does not negate the trial court's obligation to apprise Levandoski of the substance of each special condition.

- 19 -

Saying the words "sex offender probation" without any further explanation would not have put Levandoski on notice of the specific requirements of section 948.30, some of which may not even apply to him. *See, e.g.*, § 948.30(2)(d), Fla. Stat. (2010) (requiring probationer to submit to an HIV test when "there was sexual contact" between probationer and victim).

Additionally, because I would conclude that the trial court violated Levandoski's right to due process, I would further conclude that the appropriate remedy is to strike the improperly imposed special conditions of Levandoski's probation. As we stated in *Justice v. State*, 674 So. 2d 123 (Fla. 1996), "where a sentence is reversed because the trial court failed to orally pronounce certain special conditions of probation which later appeared in the written sentence, the court must strike the unannounced conditions and cannot reimpose them upon resentencing." *Id.* at 126.

## CONCLUSION

For the reasons stated, I would first conclude that Levandoski's claim is procedurally barred, and therefore, there is no need for the majority's additional discussion in this case. If this claim were properly before the Court, however, I would continue to adhere to our precedent requiring the trial court to orally pronounce each of the special conditions of probation imposed at sentencing. Thus, if this claim had been timely raised as a rule 3.800(b) motion to correct

sentence, I would agree with the First District that the conditions should have been stricken. Because Levandoski did not, however, I concur in part.

QUINCE, J., dissenting.

I cannot agree with the majority's conclusion that a trial court may dispense with orally pronouncing the specific conditions of sex offender probation when a defendant is not convicted of one of the section's enumerated offenses. Because I would conclude that the failure to orally pronounce the specific conditions of Levandoski's probation violated his right to due process under these circumstances, I respectfully dissent.

We have held that special conditions of probation must be orally pronounced to properly place a defendant on notice of the special condition so that the defendant has the opportunity to object to any condition he or she believes to be inappropriate. *See Lawson v. State*, 969 So. 2d 222, 227 (Fla. 2007); *State v. Williams*, 712 So. 2d 762, 764 (Fla. 1998). Indeed, in the present case, the trial court was careful to indicate, for the record, certain conditions: "[J]ust to make the record clear, should there be any change in the law as of the time of his release, [Levandoski is] prohibited from accessing the internet, possessing a computer or any electronic device that can access the internet, and he's prohibited from having an email address or other similar type of address that allows him to participate in conversations with anyone over the internet . . . ."

The majority acknowledges that the conditions of section 948.30 may be imposed only if they reasonably relate to rehabilitation, *see* majority op. at 6, nevertheless the majority sidesteps this requirement by finding Levandoski's claim procedurally barred, noting that the record is unclear whether Levandoski received a written order in time to raise his due process claim via a rule 3.800(b) motion. *See* Majority op. at 8-9. In other words, the majority is barring a due process claim even though the record does not clearly refute the claim. I would find that the trial court's failure to orally pronounce the specific conditions of Levandoski's special probation violated his constitutional right to due process.

There are provisions of section 948.30 that Levandoski could have reasonably inferred did not apply to him.[12] I agree with Justice Pariente that Levandoski did not receive sufficient notice of the specific conditions he was required to follow to ensure he did not violate his probation. *See* concurring in part and dissenting in part opinion at 19. Accordingly, I would strike those provisions that were not orally pronounced and approve of the decision in *Snow v. State*, 157 So. 3d 559 (Fla. 1st DCA 2015), *quashed on other grounds*, No. SC15-536 (Fla. Apr. 28, 2016), *clarified on remand*, 193 So. 3d 1091 (Fla. 1st DCA 2016).

12. Section 948.30 (b), for example, prohibits living within 1000 feet of a location where children congregate if the victim was under the age of 18. Here, the "victim" was an undercover officer and not actually a child under the age of 18. Levandoski could reasonably have concluded this provision did not apply to him.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

Fourth District - Case No. 4D15-4801

(St. Lucie County)

Joshua LeRoy of LeRoy Law, PA, West Palm Beach, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Celia A. Terenzio, Bureau Chief, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, Florida,

for Respondent